PER CURIAM.
Information charged that the Appellant committed aggravated child abuse, Section 827.03(2), Florida Statutes (1975), upon her five year old granddaughter. Following a jury trial, Appellant was convicted of battery, a lesser included offense of the crime charged. Appellant appeals the judgment of conviction and sentence.
A material witness at the trial was the five year old victim. After an extensive voir dire of the child by the court, the State and the Appellant, the court, within the bounds of his discretion, determined that the child was competent to testify, noting that the child understood the obligation to tell the truth.
Appellant raises the objection that the child testified without being administered the witness oath.[1] We find this objection cannot be raised for the first time on appeal *131 where such fact was known to the Appellant early enough so that a timely objection could have been made. Beausoliel v. United States, 71 U.S.App.D.C. 111, 107 F.2d 292 (1939).
Finding no other reversible error, we affirm the judgment and sentence.
SMITH, Acting C. J., and ERVIN and BOOTH, JJ., concur.

. We recognize that § 90.605(2), Fla.Stat. (Supp.1976), effective July 1, 1978, Ch. 77-77, Laws of Florida (1977), specifically provides that: “In the court’s discretion, a young child may testify without taking the oath if the court determines the child understands the duty to tell the truth.”