409 So.2d 1026 (1982)
PUBLIC GAS COMPANY, Petitioner,
v.
WEATHERHEAD COMPANY, Respondent.
Salvatore COLETTI and Tonya Coletti, His Wife, Salvatore L. Coletti and Tonya Coletti, As Next Friends of Christine Coletti, a Minor, Sea Horse Motel, Inc., and Public Gas Company, Petitioners,
v.
WEATHERHEAD COMPANY, Respondent.
Nos. 60395, 60409.
Supreme Court of Florida.
January 21, 1982.
Michael K. Wilensky of Conroy & Simberg, Hollywood, for Public Gas Co. and Steven M. Weinger of Kurzban & Kurzban, Miami, for Salvatore Coletti.
Claudia B. Greenberg and Joseph H. Lowe of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for The Weatherhead Co., respondent.
ALDERMAN, Justice.
The District Court of Appeal, Third District, held in Weatherhead Co. v. Coletti, 392 So.2d 1342 (Fla. 3d DCA 1980), that a notice of appearance merely noticing the appearance of counsel representing Weatherhead Company, the defendant below, did not waive Weatherhead's objection to jurisdiction over its person. The district court acknowledges that its decision conflicts with decisions from the other district courts of appeal in this state.[1]
Weatherhead Company, a foreign corporation, was joined as a defendant in three consolidated suits to recover damages for personal injuries and property damage caused by the explosion of a liquid petroleum tank maintained and serviced by petitioner Public Gas Company, also defendant below. Weatherhead Company was also named as a third-party defendant by Public Gas Company in a third-party complaint for contribution and indemnity. The amended *1027 complaints and the third-party complaint alleged that Weatherhead negligently manufactured a multi-valve assembly which was incorporated into a liquid petroleum storage tank which was sold to Public Gas Company, that this tank was installed at the Sea Horse Motel, and that it was later involved in a gas explosion. Personal service was attempted on Weatherhead in Cleveland, Ohio, under section 48.193(1)(f)(2), Florida Statutes (1979). Prior to filing a motion to dismiss alleging, among other things, absence of jurisdiction over its person, Weatherhead's counsel filed a "notice of appearance." The trial court denied the motion to dismiss on the basis that Weatherhead's objection to jurisdiction over the person was waived by the filing of the notice of appearance which the court found to be a general appearance.
The district court reversed and held that the notice of appearance had no effect on Weatherhead's ability to raise the claim that it was not subject to the jurisdiction of the court. It reasoned:
There is no basis in the rules and no reason in policy for a determination that the mere filing of an entirely neutral and innocuous piece of paper, which indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction should nevertheless be given just that effect. Such a conclusion represents, we think, no less than the apotheosis of a meaningless technicality. It cannot be accepted in a judicial era which requires that, as far as is consistent with orderly procedure, the rights of parties be decided on the merits of their positions.
Weatherhead Co. v. Coletti, 392 So.2d at 1344 (footnote omitted). In view of this holding, the district court proceeded to determine the merits of the motion to dismiss and held that the "personal" service was invalid because (1) the general and conclusory jurisdictional allegations in the amended complaints and the third-party complaint were entirely insufficient and (2) the product manufactured by Weatherhead was made and distributed in the 1950s, well before the 1970 effective date of the original statutory predecessor of section 48.193.
We agree with the holding of the district court that the filing of a "notice of appearance" by Weatherhead's counsel did not waive its right to claim lack of jurisdiction over its person, and we approve the district court's rationale in reaching this decision. To the extent that the prior decisions of the other district courts are in conflict, they are disapproved. We further approve the district court's remand to the trial court with directions to grant the motion to dismiss on the basis of lack of jurisdiction without prejudice to any further attempt by the petitioners to perfect service on Weatherhead under alternative statutory procedures.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] The district court stated:

[B]y doing so, we bring ourselves into direct conflict with decisions of each of our sibling courts of appeal. Fulmer v. Northern Central Bank, 386 So.2d 856 (Fla. 2d DCA 1980); Marine Distributors v. Kelly [374 So.2d 592 (Fla. 5th DCA 1979)] supra; Hotel and Restaurant Employees Union v. Lake Buena Vista Communities, Inc., 349 So.2d 1217 (Fla. 4th DCA 1977); Viator v. Morgan Construction Co., 344 So.2d 657 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 173 (Fla. 1977); Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 408 (Fla. 1977)... .
392 So.2d at 1344-45.