PER CURIAM.
James B. Qualley, the plaintiff below, appeals the dismissal of his open account suit for lack of personal jurisdiction and insufficiency of process.
The record contains numerous exhibits which create a conflict between the parties concerning those issues which were argued before the court at the time of the hearing held in connection with the defendant’s Mo *731 tion to Dismiss. These factual conflicts would have had to have been resolved before the trial court could ascertain the propriety of the defendant’s motion. The record does not, however, reflect that any such determinations were made.
Accordingly, it is necessary to return this matter to the trial court for the purpose of holding an evidentiary hearing to resolve the various factual issues raised by the parties. Once these issues are resolved, the trial court will then be in a position to determine whether the defendant’s motion should be granted or denied based upon the state of the record at that point. Before the trial court can properly rule upon the defendant’s Motion to Dismiss, the court will have to determine exactly what was purchased by International Air Service Co., and what assets and/or liabilities, if any, were involved in the October, 1985, purchase “agreement”.
Upon resolving the factual conflicts raised by the parties, the trial court will be in a position to decide whether or not International Air Service Co. is subject to the jurisdiction of Florida courts.
REVERSED AND REMANDED.