595 So.2d 194 (1992)
James B. QUALLEY, individually and as Beneficiary of Turbo Power, Inc., Appellant,
v.
INTERNATIONAL AIR SERVICE COMPANY, LTD., a California Corporation, Appellee.
No. 91-942.
District Court of Appeal of Florida, Third District.
February 25, 1992.
Rehearing Denied April 7, 1992.
*195 McDonald & McDonald and David McDonald, Miami, for appellant.
Carlson & Schwed and Lloyd R. Schwed, Miami, for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
COPE, Judge.
James B. Qualley appeals an order granting the motion of defendant International Air Service Company, Ltd. ("IASCO"), to dismiss for lack of jurisdiction. We affirm.
Qualley, plaintiff below, is the successor in interest to Turbo Power, Inc. According to the complaint, in 1983 Turbo Power provided certain aircraft goods and services to an aviation company which will for convenience be referred to as Cam Air International, Inc.[1] Cam Air was incorporated in Massachusetts, but had a base of operations in Miami, Florida. Cam Air was a wholly owned subsidiary of Integrity Aircraft Sales, Inc., a Delaware corporation.
IASCO, defendant below, is a California corporation having its principal place of business in that state. IASCO did not do business in Florida. In 1985 IASCO purchased 100 percent of the outstanding common stock of Integrity. As a result, Integrity and its subsidiary, Cam Air, became wholly owned subsidiaries of IASCO.[2] Thereafter, IASCO held Cam Air as a subsidiary and did not merge it into IASCO. Cam Air continued to operate at its Miami location. Subsequently, Cam Air's name was changed to Spirit of America and it operated under the latter name.
In 1988 plaintiff Qualley sued defendant IASCO. Plaintiff alleged that Cam Air had failed to pay approximately $242,000 on *196 Cam Air's 1983 open account. Plaintiff further alleged that as part of the agreement whereby IASCO purchased the stock of Integrity (thereby also acquiring Cam Air, Integrity's wholly owned subsidiary), IASCO had assumed the liability for Cam Air's debt.
IASCO moved to dismiss for want of personal jurisdiction. The trial court granted the motion without an evidentiary hearing. On appeal this court found that there were disputed issues of material fact which required an evidentiary hearing and remanded for an evidentiary hearing. Qualley v. International Air Service Co., Ltd., 546 So.2d 730 (Fla. 3d DCA 1989); see also Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).
On remand the trial court conducted the evidentiary hearing and again granted the motion to dismiss. Plaintiff has appealed.
Plaintiff makes essentially two contentions in support of the proposition that the Florida courts have long-arm jurisdiction over IASCO. First, plaintiff contends that several provisions of section 48.193, Florida Statutes (1989), are satisfied. He contends that by virtue of IASCO's ownership of the wholly owned subsidiary, Cam Air, IASCO was engaged in a business or business venture in this state; had an office or agency in this state; used real property within this state; and was engaged in substantial and not isolated activity within this state, all within the meaning of paragraphs 48.193(1)(a) and (c), Florida Statutes (1989), as well as subsection 48.193(2) of the same statute. We disagree.
Florida decisions under the closely related provisions of subsection 48.181(1), Florida Statutes (1989), as well as section 48.193, have held that the presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within this state. See MacMillan-Bloedel, Ltd. v. Canada, 391 So.2d 749 (Fla. 5th DCA 1980) (§ 48.181); see also Phillips v. Orange Co., 522 So.2d 64 (Fla. 2d DCA) (§ 48.193), review denied, 531 So.2d 1354 (Fla. 1988); McLean Financial Corp. v. Winslow Loudermilk Corp., 509 So.2d 1373 (Fla. 5th DCA 1987) (§ 48.193). The rule is otherwise where, for example, the alter ego test can be met, see Woods v. Jorgensen, 522 So.2d 935 (Fla. 1st DCA 1988); see also Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984), or where the non-Florida parent company independently satisfies the test for jurisdiction under Florida's long-arm statutes, see, e.g., MacMillan-Bloedel, Ltd. v. Canada, 391 So.2d at 750, but those situations are not present here.[3]
Second, plaintiff argues that when IASCO bought the stock of Integrity in 1985 (thereby also acquiring Integrity's wholly owned subsidiary, Cam Air), IASCO expressly assumed responsibility for Cam Air's preexisting debts. The trial court found to the contrary and in so doing, was entirely correct.
The 1985 stock purchase agreement contains a segment in which Integrity and Cam Air itemized each contract to which either of them was then a party. This took the form of an express representation and warranty to IASCO that Integrity and Cam Air had disclosed all such agreements. The purpose of this disclosure was to provide assurance to the buyer, IASCO, that there were no undisclosed liabilities; likewise, the itemization of the disclosure in the stock purchase agreement protected Integrity, Cam Air, and the other parties to the stock purchase agreement from any subsequent accusation that they had failed to make proper disclosure of outstanding liabilities. There is no language in the contractual provision which constitutes any undertaking by IASCO to assume liability for the obligations of Cam Air. After the transaction, as before, Cam Air had responsibility for its own preexisting debts.[4]
*197 We find no error in the trial court's exclusion of several exhibits which plaintiff offered. However, for purposes of this appeal plaintiff's proffer and the excluded documents have been reviewed. In view of the reasoning outlined above, the proffered items would make no difference to the outcome of the case.
Affirmed.
NOTES
[1] At the time the services were performed, Cam Air was known as Fleming International Airways, Inc., but the name was subsequently changed.
[2] For convenience, Cam Air will be referred to as a subsidiary, although in reality it was a second tier subsidiary, that is, Cam Air was a wholly owned subsidiary of Integrity, which was in turn a wholly owned subsidiary of IASCO.
[3] Aside from Cam Air's activities within Florida, the only other action singled out by plaintiff is that IASCO handled the accounting and payroll functions for Cam Air at IASCO's California facility. Those activities do not rise to the level necessary to satisfy section 48.193.
[4] Plaintiff also relies on Bernard v. Kee Manufacturing Co., 409 So.2d 1047 (Fla. 1982). That case involves the different situation in which the acquiring corporation buys substantially all of the assets of the selling corporation, at which time the selling corporation ceases to operate its previous business. Id. at 1048. We need not explore the extent to which, if at all, the principles outlined in that case would apply to a transaction of the present type, since none of the criteria set forth in that opinion apply in the present case.