632 So.2d 724 (1994)
Waterman OY, Appellant,
v.
CARNIVAL CRUISE LINES, INC., Appellee.
No. 93-2360.
District Court of Appeal of Florida, Third District.
March 8, 1994.
Broad and Cassel and Robert D. Gatton, Orlando, for appellant.
Keller, Houck & Shinkle, Miami, and Jerry D. Hamilton, West Palm Beach, and Patrick E. Novak, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Waterman Oy, a Finnish company, appeals from a nonfinal order denying its motion to dismiss for lack of in personam jurisdiction. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), and, for the following reasons, reverse.
An Italian crewman aboard the M/S Fantasy, a Carnival vessel, was injured during a safety drill offshore the Bahamas when the lifeboat/tender in which he was positioned fell *725 without warning from its station to the sea.[1] The crewman sued Carnival pursuant to the Jones Act; Carnival in turn filed a third party complaint against Waterman Oy, the Finnish manufacturer of the tender, for various breach of warranty claims. In its third party complaint, Carnival alleged that Waterman had designed, manufactured, and assembled the tender in question and that because the company engaged in substantial business in Florida, jurisdiction lay pursuant to sections 48.081, 48.181, and 48.193, Florida Statutes (1991). Carnival served process on Florida's Secretary of State and on Schat-Watercraft, a Delaware corporation that does business in Florida, on the basis that Schat-Watercraft was Waterman's agent in Florida.
Waterman filed a notice of appearance, "specifically reserving any rights they may have to object to sufficiency of process, service of process, proper venue or the jurisdiction of this court." One week later, Waterman moved for a protective order seeking to prohibit the deposition of the injured seaman, arguing that it was in the process of filing motions to quash service of process and to dismiss for lack of jurisdiction and that if the deposition were to proceed as scheduled, it would only be able to participate in a very limited capacity.
The day after it filed the motion for protective order, Waterman filed motions to dismiss for lack of personal jurisdiction and to quash service of process. Waterman argued in its motions that it was a corporation organized under the laws of Finland with its principal place of business in Turku, Finland and that it did no business in Florida, solicited no business in Florida, and had no office or agent in Florida. The motion as to jurisdiction also set forth that the tender in question had been manufactured in Finland and had been fitted on the M/S Fantasy in Finland, by a Finnish shipyard.[2] Discovery on the issue of Waterman's contacts with Florida revealed that Waterman advertised in international shipping trade magazines and that some of those publications reach Florida through subscriptions; Waterman denied conducting any direct advertising in Florida. Documents furnished to Carnival by Waterman revealed that Waterman manufactured and sold lifeboats, rescue boats, and tenders to other passenger cruise ships that embark from Florida ports. Waterman also admitted that through Schat-Watercraft it had provided parts and effected some repairs on the tender in question after the accident had occurred.
The trial court denied Waterman's motions to dismiss and to quash service of process; Waterman appeals from those nonfinal orders.

Waiver
Before we reach the merits of the jurisdictional issue, we hold, contrary to Carnival's arguments, that Waterman did not waive any objections to jurisdictional defects. Neither the notice of appearance nor the motion for protective order went to the merits of the cause; neither constitutes a waiver of jurisdictional defenses. See Zimmerman v. Weinberg, 557 So.2d 193, 194 n. 1 (Fla. 4th DCA 1990) (defendant's motion to dismiss for failure to prosecute acted as waiver of claim of lack of jurisdiction; the term "merits" implies "consideration of substance, not of form; of legal rights, not of mere defects of procedure or the technicalities thereof.") (citations omitted). In its notice of appearance, Waterman specifically reserved its right to challenge the sufficiency of process, service of process, venue, and jurisdiction. The filing of the notice of appearance, "an entirely neutral and innocuous piece of paper, which indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction," did not suffice to waive objections to jurisdiction. *726 Weatherhead Co. v. Coletti, 392 So.2d 1342, 1344 (Fla. 3d DCA 1980), affirmed sub nom. Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982).
A motion to quash a deposition is purely defensive, and is not a request for affirmative relief that is inconsistent with a defense of lack of personal jurisdiction. Banco de Costa Rica v. Rodriguez, 573 So.2d 833, 834 (Fla. 1991). Waterman's reason for seeking to prohibit the taking of the injured seaman's deposition was that it "was filing Motions to Quash Service and to Dismiss for Lack of Jurisdiction, ... and would only be able to participate in a very limited capacity at the aforesaid deposition, if it proceeds as scheduled." Waterman properly preserved its challenges to the court's jurisdiction.

In Personam Jurisdiction
The trial court erred in denying Waterman's motion to dismiss for lack of in personam jurisdiction, as the Finnish company lacks sufficient minimum contacts with Florida to subject it to the jurisdiction of a Florida court without running afoul of the due process guarantee of the Fourteenth Amendment to the United States Constitution. Waterman's attenuated contacts with Florida cannot be regarded as contact of a "continuous and systematic" nature, and thus cannot support an assertion of personal jurisdiction. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404, 412 (1984).[3] In Helicopteros, the Supreme Court held that a Colombian corporation was not subject to jurisdiction in a Texas court, where the foreign corporation had no place of business in Texas, had never been licensed to do business there, and had never signed any contracts there. Even though the Colombian company had sent a representative to Texas to discuss offering its services to a Texas corporation, had purchased 80% of its helicopter fleet, spare parts and accessories from Texas, and had sent employees to Texas for training, the Supreme Court determined that those contacts were not sufficient to support an assertion of jurisdiction. Helicopteros, 466 U.S. at 416-17, 104 S.Ct. at 1873-74.
Waterman's contacts with Florida are even more tenuous than those which the Court found insufficient in Helicopteros. Waterman is a Finnish corporation; it has no offices in Florida; is not licensed to do business in Florida; employs no business agents in Florida; and maintains no mailing address or telephone listing in Florida. There is no evidence in the record that Schat-Watercraft was Waterman's agent in Florida; the record shows only that Waterman's parent company owns an interest in Schat-Watercraft, and that Schat-Watercraft effected repairs on the tender after the accident and ordered parts from Waterman "f.o.b. Turku, Finland." The boat involved in the accident was manufactured in Finland, delivered to, and installed on the M/S Fantasy in Finland pursuant to a contract that Waterman had with Wartisila Marine, a Finnish shipyard. There is no evidence that Waterman sent any representatives to Florida or executed any contracts in Florida. Instead, Carnival's agents and employees travelled to Finland to inspect and test the tenders.
Although some of the international trade magazines that carried Waterman's advertisements reached Florida, that contact is far too tangential to support an assertion of jurisdiction. To hold otherwise would subject manufacturers to the jurisdiction of courts in every venue reached by their advertisements.
Carnival did not establish that Waterman, through Schat-Watercraft, engaged in business *727 activities in Florida. Schat-Watercraft distributed and serviced Waterman's watercraft in Florida, but there is no evidence that the company was Waterman's agent, or that Waterman controlled or directed its activities. Even the presence of a wholly owned subsidiary corporation which does business in Florida is not sufficient to subject a foreign corporation to jurisdiction in Florida. Qualley v. International Air Serv., Ltd., 595 So.2d 194 (Fla. 3d DCA 1992). The relationship between Waterman and Schat-Watercraft does not even rise to the level found insufficient in Qualley.[4]
Carnival stresses that Waterman knew that its tenders were carried on passenger cruise ships that embark regularly from Florida ports and that when Waterman manufactured the tender involved in the accident, it knew that the Fantasy was a Carnival vessel that sailed out of Miami. However,
the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980) (emphasis added). Carnival's extensive business activity that comprises its relationship with Florida is not sufficient to establish a relationship between Waterman and Florida. "[T]he mere `unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'" World-Wide Volkswagen, 444 U.S. 286 at 298, 100 S.Ct. at 567 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)). The substantial revenues that Waterman derives from Waterman-fitted cruise ships that embark from Florida ports do not rise to the level of minimum contacts necessary to support in personam jurisdiction. "Financial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." World-Wide Volkswagen, 444 U.S. 286 at 299, 100 S.Ct. at 568.
In sum, the trial court erred in denying Waterman's motion to dismiss, as the Finnish company did not have the continuous and systematic minimum contacts with Florida necessary to satisfy the constitutional due process test. We need not reach the remaining issues concerning jurisdiction under Florida's long-arm statute, or the adequacy of service of process; the absence of minimum contacts is dispositive. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) (to assert jurisdiction over foreign defendant, plaintiff must meet requirements of both minimum contacts analysis and Florida's long-arm statute).
Reversed and remanded with directions to grant third-party defendant's motion to dismiss.
NOTES
[1] The tenders aboard the M/S Fantasy are substantial sea-going vessels. They are approximately 40 feet long, are partially enclosed, and have a capacity of 150 passengers.
[2] Waterman also argued that the tender in question had been manufactured by a predecessor corporate entity with the same name, and that the "new" Waterman was not responsible for any alleged defects attributable to the manufacturing process. The issue of corporate identity is not relevant to a jurisdictional analysis, which focuses on the issue of whether the third-party defendant sued can properly be subject to the jurisdiction of a Florida court.
[3] In Helicopteros, the accident that led to the suit occurred in Peru, and did not "arise out of" or "relate to" the sparse contacts that the foreign corporation had with Texas. 466 U.S. at 416-17, 104 S.Ct. at 1872-73 nn. 8-10. The distinction between claims that "arise out of or relate to" a foreign defendant's contacts with the forum state and those claims that do not is relevant only to determine whether the court is exercising specific or general jurisdiction over that defendant. If the action does not arise out of the contacts with the forum state, the court is said to exercise general jurisdiction and the jurisdictional analysis focuses on whether the defendant's contacts with the forum state were "continuous and systematic." Id. Carnival's claim against Waterman relates to the accident that occurred off of the Bahamas; the claim did not arise out of or relate to any contacts Waterman had with Florida. The issue, then, is whether Waterman's contacts with Florida were of a continuous and systematic nature.
[4] In Qualley, our holding centered on Florida's long-arm statute, and not on a constitutional due process analysis. However, the issue in Qualley was whether the foreign corporation engaged in substantial, and not isolated activities within this state, or was engaged in a business or business venture in this state. Qualley is instructive in this case on the question of whether the presence of a purported agent in Florida is sufficient to establish contacts of a "continuous and systematic nature" as set forth in Helicopteros.