PER CURIAM.
Appellant, Ramon Coto-Ojeda (husband), appeals the denial of his motion to dismiss a *588 dissolution petition for lack of personal jurisdiction. We affirm.
Appellee, Anne S. Samuel (wife), filed the petition for dissolution of marriage. The husband first moved to dismiss the petition for lack of subject matter jurisdiction. He subsequently appeared in court to testify at the hearing on the motion. The court denied the motion. The husband did not appeal this denial. Instead, he filed a motion to dismiss for lack of personal jurisdiction. The court then denied the second motion to dismiss and the husband now appeals.
When a party appears in court to contest subject matter jurisdiction, that party has entered a general appearance. Coyne v. Coyne, 325 So.2d 407 (Fla. 3d DCA), cert. denied, 339 So.2d 1168 (Fla.1976). A general appearance results in a waiver of the defense of lack of personal jurisdiction. See Hubbard v. Cazares, 413 So.2d 1192, 1193 (Fla. 2d DCA 1981), review denied, 417 So.2d 329 (Fla.1982); Royal Indus., Inc. v. Birdsong, 340 So.2d 526, 528 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 408 (Fla.1977), overruled on other grounds, Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla.1982).
In addition, Florida Rule of Civil Procedure 1.140(b) enumerates seven defenses which can be raised by motion, including jurisdiction over the subject matter and jurisdiction of the person. Under the rule, “[a]ny ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.” Id. Since the attack on personal jurisdiction was not included in the initial motion, the issue was waived. In the present circumstances, a successive motion was impermissible. Id. See generally Public Gas. Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982), aff'g Weatherhead Co. v. Coletti, 392 So.2d 1342 (Fla. 3d DCA 1980); Henry P. Trawick, Jr., Trawick’s Florida Practice & Procedure § 10-8 (1993 ed.); 1 Fla Jur.2d Actions § 100 (1977).
Therefore, the husband waived the defense of lack of personal jurisdiction when he entered a general appearance prior to challenging the court’s personal jurisdiction, and when he failed to include the attack on personal jurisdiction in his initial motion for dismissal. Upon both of these grounds, we affirm the trial court’s order denying the husband’s motion to dismiss for lack of personal jurisdiction.
Affirmed.
NESBITT, J., concurs.