667 So.2d 375 (1995)
Kenneth MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3638.
District Court of Appeal of Florida, First District.
November 29, 1995.
Appellant pro se.
Robert A. Butterworth, Attorney General; Thomas Crapps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Kenneth Murphy appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm and write solely to address Mr. Murphy's contention that the circuit court erred in permitting his trial counsel and expert witness (also an attorney) to testify at the evidentiary hearing without taking the oath.
Section 90.605, Florida Statutes requires that each witness take the oath before testifying. "The only exception made by this statute is for young children." Houck v. State, 421 So.2d 1113, 1115-16 (Fla. 1st DCA 1982).
(1) Before testifying, each witness shall declare that he will testify truthfully, by taking an oath or affirmation in substantially the following form: "Do you swear or affirm that the evidence you are about to give will be the truth, the whole truth, and nothing but the truth?" The witness's answer shall be noted in the record.
(2) In the court's discretion, a child may testify without taking the oath if the court determines the child understands the duty to tell the truth or the duty not to lie.
§ 90.605, Fla. Stat. (1993). Although attorneys are "officer[s] of the court subject to disciplinary action for deceiving a judge by a false statement, ... it is fundamental that ... representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence." State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988).
In order to preserve the issue for appeal, an objection to the trial court's failure to administer the witness oath must be lodged with the trial court. In a case involving a trial that occurred prior to the effective date of section 90.605(2), Florida Statutes (Supp. 1976), which created the exception for children, this court stated:

*376 Appellant raises the objection that the child testified without being administered the witness oath. [Footnote omitted.] We find this objection cannot be raised for the first time on appeal where such fact was known to the Appellant early enough so that a timely objection could have been made. Beausoliel v. United States, 71 U.S.App.D.C. 111, 107 F.2d 292 (1939).
Dean v. State, 355 So.2d 130 (Fla. 1st DCA 1978).
In the present case, it was clear to the parties at the evidentiary hearing that both attorney-witnesses Mr. Murphy called were going to testify without taking the oath.
THE COURT: I don't swear lawyers. I don't think that is necessary, you are an officer of the court.
THE WITNESS: Yes, sir.
THE COURT: It's a lot worse than perjury. Why don't you come up here and have a seat Mr. Dick [trial counsel].
While we agree with Mr. Murphy that both attorney-witnesses should have taken the oath before testifying, Mr. Murphy did not object at the evidentiary hearing, and, as a consequence, waived this objection.
WOLF, LAWRENCE and BENTON, JJ., concur.