COPE, J.
The question presented by this case is whether a defendant waives a venue objec *1235 tion by filing a notice of appearance and motion for extension of time. We conclude that no waiver occurred, and reverse.
Plaintiff Patti Becker sued defendant Ann Podd for invasion of privacy, defamátion, and intentional infliction of emotional distress. Defendant’s counsel filed a notice of appearance and a motion to abate the action until the conclusion of an out-of-state trial in which defendant’s counsel was participating. Thereafter, defendant filed a motion to dismiss on various grounds, including a motion to dismiss for improper venue. The trial court denied the venue motion and the defendant has appealed.
The Plaintiff concedes that, on the merits, the motion to dismiss for improper venue was well taken and should have been granted. Plaintiff argues, however, that the defendant waived the venue objection.
Plaintiff contends that waiver occurred because defense counsel filed a notice of appearance without including the venue objection in that document. That contention is without merit. The filing of a notice of appearance does not waive a venue objection, see Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724, 726-26 (Fla. 3d DCA 1994), any more than it waives an objection to personal jurisdiction. See Weatherhead Co. v. Coletti, 392 So.2d 1342, 1344 (Fla. 3d DCA 1980), affirmed sub nom. Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982); see also 40 Fla. Jur.2d Pleadings § 224, at 339 (1982). Although the notice of appearance in Oy reserved the right to object to venue, among other things, see 632 So.2d at 725, such a reservation or “special appearance” was entirely unnecessary.
Plaintiff also argues that the time for raising the venue objection was not extendable, or that the venue objection had to be raised in the motion to abate, which in substance was a motion for enlargement of time. We likewise reject that argument. Certainly the time for responding to a complaint can be extended, see Fla. R. Civ. P. 1.090(b), and there is no requirement to reserve the venue objection in the motion for extension of time.
Under Florida Rule of Civil Procedure 1.140(h)(1), a waiver of a venue objection would occur (insofar as pertinent here) if defendant failed to raise it in conjunction with the motion to dismiss. See id.; see also Waxoyl, A.G., v. Taylor, Brian, Buker & Greene, 711 So.2d 1251, 1254 (Fla. 3d DCA 1998); Valjean Corp. v. Heininger, 559 So.2d 677, 678 (Fla. 3d DCA 1990); Gross v. Franklin, 387 So.2d 1046, 1049 (Fla. 3d DCA 1980). Here the defendant presented the venue objection in conjunction with the motion to dismiss and thus there was no waiver.
As plaintiff concedes that the order cannot be defended on the merits, and there was no waiver of the venue objection, we reverse the order under review and remand with directions to transfer this case to an appropriate venue. See Fla. R. Civ. P. 1.060(b); Gross, 387 So.2d at 1049.
Reversed and remanded.