PER CURIAM.
We reverse the trial court’s denial of McFadden Ford, Inc.’s motion to quash service of process and dismiss the complaint for lack of in personam jurisdiction.
The plaintiffs sued McFadden Ford and others for damages arising out of an automobile accident. Regarding personal jurisdiction of McFadden Ford, the complaint alleges no facts which would subject appellant to jurisdiction pursuant to section 48.193, Florida Statutes. Instead the plaintiffs attempt to establish personal jurisdiction of McFadden Ford by relying on the complaint’s allegation that appellant is the alter ego of the vehicle owner, McFadden Leasing, another defendant in this case. The complaint alleges no wrongdoing and no facts connecting either McFadden Ford or McFadden Leasing with the State of Florida.
Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1119-20 (Fla.1984), sets forth the rule that the corporate veil will not be pierced, unless it is shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them. The rule requiring a showing of improper conduct has been consistently followed. See, e.g., General Builders Corp. of Ft. Lauderdale, Inc. v. Sisk, 461 So.2d 104 (Fla.1984); Walton v. Tomax Corp., 632 So.2d 178 (Fla. 5th DCA 1994); Hilton Oil Transport v. Oil Transport Co., S.A., 659 So.2d 1141, 1152 (Fla. 3d DCA 1995).
In the proceedings below McFadden Ford filed a sufficient affidavit in opposition to the allegations raised in the complaint, thereby shifting the burden to the plaintiff to show an improper purpose. Notwithstanding an eighteen month hiatus in proceedings for jurisdictional discovery, at the hearing in the instant case, the plaintiffs’ attorney admitted that it was impossible for him to show improper conduct at that time. The trial court denied the motion concluding that such proof did not have to be shown at the hearing.
In Hobbs v. Don Mealey Chevrolet, 642 So.2d 1149, 1156 (Fla. 5th DCA 1994), the court found that an insurance carrier was not subject to jurisdiction in Florida under a theory of alter ego liability because the evidence failed to prove the corporations were formed or used for some illegal, fraudulent, or other unjust purpose. See also Qualley v. International Air Serv. Co., 595 So.2d 194, 196 (Fla. 3rd DCA 1992) (affirming a motion to dismiss for lack of jurisdiction where plaintiff merely presented evidence that the parent corporation handled accounting and payroll functions for the subsidiary). Likewise, in the instant case, the plaintiffs, having admitted they could not prove any wrongdoing, failed to meet their burden of proving that an alter ego relationship was maintained for an improper purpose.
In conclusion, without an allegation and proof of wrongdoing, the plaintiffs cannot obtain personal jurisdiction of McFadden Ford on the theory of alter ego. Because the plaintiffs have alleged no other facts which might bring McFadden Ford within any portion of the Florida long-arm statute, and no facts at all which establish *513 minimum contacts with Florida, we conclude that the trial court erred in denying appellant’s motion to dismiss.
REVERSED.
GUNTHER, KLEIN and TAYLOR, JJ., concur.