PER CURIAM.
In an action to set aside an allegedly fraudulent transfer, the defendants below appeal from a nonfinal order denying their motion to dismiss for lack of in personam jurisdiction. We affirm.
Based upon the pleadings and the documents produced during jurisdictional discovery, the trial court properly ruled that defendants, Bermuda corporations, were conducting business in Florida both directly and through officers or agents and that the contacts with Florida were not isolated, but were continuous and systematic and support the exercise of jurisdiction pursuant to section 48.193(1)(a), Florida Statutes (1999). See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989) (holding that to assert jurisdiction over foreign defendant, plaintiff must meet requirements of both minimum contacts analysis and Florida’s long-arm statute); Waterman Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724 (Fla. 3d DCA 1994).
AFFIRMED.