921 So.2d 759 (2006)
James Willie CALDWELL, Jr., husband, Appellant,
v.
Glenda Williams CALDWELL, wife, Appellee.
No. 1D04-4888.
District Court of Appeal of Florida, First District.
February 22, 2006.
*760 Nina R. Price and Janet E. Johnson of Price & Johnson, P.A., Jacksonville, for Appellant.
Jonathan J. Luca, Jacksonville, for Appellee.
PER CURIAM.
James Willie Caldwell, Jr., the husband, appeals an order denying his motion to vacate and set aside the parties' final judgment of dissolution of marriage. After defective service of process, a default judgment was entered against him. Thereafter, the husband's counsel filed a notice of appearance without challenging the service of process or raising an issue with regard to personal jurisdiction. Further proceedings occurred in the dissolution action in which the husband participated. Thereafter, the husband filed his motion to vacate and set aside the final judgment, alleging for the first time that the final judgment was void for lack of personal jurisdiction based upon the defects in the service of process. The trial court denied the motion to vacate on the grounds that the husband had actual knowledge of and "did in fact receive all of the divorce papers." The law is clear, however, that "actual notice of [the] lawsuit does not render the service of process valid." Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla. 1986). Nonetheless, even though the trial court's reasoning was erroneous, the trial court reached the correct result, and pursuant to the "tipsy coachman rule," we affirm. First Union Nat'l Bank v. Turney, 839 So.2d 774, 777 (Fla. 1st DCA 2003). By entering a general appearance without contesting personal jurisdiction, Caldwell waived this defense. Leipuner v. F.D.I.C., 860 So.2d 1027, 1028 (Fla. 5th DCA 2003); Lennar Homes, Inc. v. Gabb Constr. Servs., 654 So.2d 649, 651 (Fla. 3d DCA 1995). See also Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005)("If a party does not challenge personal jurisdiction until after a general appearance in the case, the party has waived the right to contest personal jurisdiction.").
AFFIRMED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.