*881
 
 LAWSON, J.
 

 Richard Spivey was involuntarily committed under the Jimmy Ryce Act in 2006, after his release from prison on a charge of lewd and lascivious exhibition in the presence of a person under age sixteen. In 2008, Spivey petitioned for release pursuant to section 394.920, Florida Statutes, based on a doctor’s report concluding that “it is safe for [Spivey] to be at large and that he will not engage in acts of sexual violence if released.” Undergirding this opinion is the examiner’s conclusion that Spivey’s diagnosed behavior — exhibitionism — is not sexually violent conduct.
 

 At the probable cause hearing, the trial court reviewed the report and denied the petition, finding that Spivey had not met his burden of establishing probable cause. On appeal, Spivey argues that the trial court erred in ruling that he had not established probable cause to believe that he would no longer engage in sexual violence upon release, making it safe for him to live at large. The State first argues that the report was not “evidence” that could be considered in making the probable cause determination. Alternatively, the State argues that the report did not support a probable cause finding. We agree with the trial court’s conclusion that Spivey did not meet his burden of establishing probable cause, and affirm.
 

 Background and Facts
 

 In February 2008, the Florida Civil Commitment Center (“FCCC”) issued its second annual review of Richard Spivey, recommending that he continue treatment at FCCC because he had “yet to fully address relevant treatment issues ... that may be associated with his offending history.”
 

 In May 2008, Spivey petitioned for release pursuant to section 394.920, Florida Statutes (2008), alleging in part the following:
 

 Committed Person was evaluated by Dr. Dean Cauley, and he opined that he no longer has a mental condition that causes him to engage in acts of sexual violence. Thus, because Committed Person’s condition has so changed, Dr. Cauley concluded that it is now safe for him to be released to the community.
 
 See
 
 verified evaluation report submitted by Dr. Cauley....”
 

 Contrary to Spivey’s assertion, Dr. Cau-ley’s report was not made under oath or otherwise “verified.” In the report, Dr. Cauley was critical of the FCCC’s diagnosis and treatment. Although he noted that Spivey had been committed as a sexual predator, Dr. Cauley took issue with that conclusion. In Dr. Cauley’s view, Spivey was neither sexually violent nor attracted to children; he merely liked to expose himself.
 

 At the probable cause hearing, the State made no objection to the trial court relying on Cauley’s report to make its probable cause determination.
 

 Discussion
 

 Two of the procedural safeguards provided by the Jimmy Ryce Act are section 394.918’s procedure for annual review and section 394.920’s right to petition for release.
 
 Larimore v. State, 2
 
 So.3d 101, 116 (Fla.2008). Section 394.920 states,
 

 Petition for release. — A person is not prohibited from filing a petition for discharge at any time after commitment under this part. However, if the person has previously filed such a petition without the approval of the secretary or the secretary’s designee and the court determined that the petition was without merit, a subsequent petition shall be denied unless the petition contains facts upon which a court could find that the person’s condition has so changed that a probable cause hearing is warranted.
 

 The trial court correctly concluded that in the absence of any authority explaining
 
 *882
 
 the procedure under section 394.920, it would follow the procedure outlined in section 394.918, which states in pertinent part:
 

 Examinations; notice; court hearings for release of committed persons; burden of proof.—
 

 1) A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court’s discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person’s status.
 

 [[Image here]]
 

 (3) The court shall hold a limited hearing to determine whether there is probable cause to believe that the person’s condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing, but the person is not entitled to be present. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue. (4) At the trial before the court, the person is entitled to be present and is entitled to the benefit of all constitutional protections afforded the person at the initial trial, except for the right to a jury. The state attorney shall represent the state and has the right to have the person examined by professionals chosen by the state. At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person’s mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.
 

 (Emphasis added). A petitioner must meet his or her burden of establishing probable cause under section 394.918 by presenting evidence in the form of testimony or affidavits.
 
 E.g., Allen v. State,
 
 927 So.2d 1070, 1074 (Fla. 2d DCA 2006);
 
 Westerheide v. State,
 
 888 So.2d 702, 706 (Fla. 5th DCA 2004). Although Spivey’s petition alleged that Dr. Cauley’s report was “verified,” it was not, and thus did not constitute sworn evidence. However, by failing to lodge a proper evidentiary objection below, the State clearly waived this issue.
 
 See, e.g., Murphy v. State,
 
 667 So.2d 375, 376 (Fla. 1st DCA 1995) (recognizing challenges to unverified or unsworn testimony are waived unless made contemporaneously).
 

 Considering the substance of the report, Dr. Cauley’s conclusion that Spivey would not engage in sexual violence if released was based on his opinion that Spivey had never engaged in sexual violence. Central to his opinion was his erroneous legal conclusion that Spivey’s diagnosed behavior— exhibitionism — is not sexually violent. He stated, in pertinent part:
 

 Mr. Spivey does not suffer from Para-philia NOS — non consent or from Pedophilia or any condition other than Exhibitionism. Although he has been committed as a sexual predator.... Mr. Spivey is not sexually attracted towards rape; in fact he has never committed a rape. His is not sexually attracted towards children. He is sexually aroused by exposing himself to unsuspecting strangers. Indecent exposure is not rape or pedophilia. The facility seems to believe that the tar
 
 *883
 
 get of the offense determines the disorder; however the truth is that the arousal itself defines the disorder.... His effort was not to isolate and violently assault the victim; it was to expose himself to the victim. Typically, such non-contact nuisance crimes do not reach the threshold of indefinite civil detention.
 

 Clearly, Dr. Cauley equated sexually violent behavior with crimes involving violent contact with a victim or sexual attraction to children. Thus, he expressly excluded exhibitionism, even if it was done in the presence of a child, because in his opinion, the child was not the target. While Dr. Caule/s opinion may or may not be clinically correct, it is legally flawed. In the Jimmy Ryce Act, the Legislature defined a “sexually violent offense” as including a “lewd, lascivious or indecent assault or act upon or in the presence of a child in violation of s. 800.04 or s. 847.0185(5).” § 394.912(9)(e), Fla. Stat. (2008). And, section 800.04(7), Florida Statutes, expressly criminalizes lewd exhibition in the presence of a child under sixteen.
 

 In short, Dr. Cauley’s conclusion that Spivey was not likely to engage in acts of sexual violence was legally insufficient because it expressly excluded lewd exhibition in the presence of children, which was the offense for which Spivey was most recently imprisoned. Dr. Cauley never stated that Spivey was not likely to re-offend by engaging in exhibitionism with child victims if released into the community. Accordingly, we find that the report was insufficient to establish probable cause.
 

 AFFIRMED.
 

 TORPY, J„ and COBB, W., Senior Judge, concur.