# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2052
Lower Tribunal No. 08-1229
_____


**Richard E. Jaffe,**
Appellant,

vs.

**In re: Guardianship of Michael Ross Jaffe,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Celeste Hardee Muir, Judge.

Rhonda F. Goodman, for appellant.

Jay M. Levy, for appellee.


Before LAGOA, SALTER and EMAS, JJ.

EMAS, J.

Richard E. Jaffe ("Jaffe") appeals the trial court's order granting the petition of attorney Joy Carr ("Carr") for attorney's fees and costs, and the trial court's order denying Jaffe's petition to enforce a settlement agreement. For the reasons that follow, we affirm.

**FACTS AND BACKGROUND**

Jaffe's son Michael Jaffe ("Michael") was employed for twenty years as a personal assistant in the home of the Gustafson family. When the last member of the Gustafson family passed away, Jaffe urged Michael to bring a claim against the Gustafson estate seeking remuneration for being underpaid, but Michael, who suffers from mental illness, refused.

In 2007, Jaffe consulted attorney Carr on the matter, who advised Jaffe that he could bring a claim against the Gustafson estate on Michael's behalf if Jaffe were appointed Michael's legal guardian. Thereafter, Jaffe successfully obtained limited guardianship over Michael ("the guardianship action") with Carr's assistance. There was no retainer agreement for legal services rendered by Carr in the guardianship action. The court then granted Jaffe permission to commence a claim against the Gustafson estate ("the probate case"), and in December 2007, Carr and Jaffe agreed to a forty-percent contingency fee on any award in the probate case against the Gustafson estate. The contingency agreement did not address payment of fees and costs for legal services provided by Carr in the prior

2

guardianship action. In January 2009, a settlement in the probate case against the Gustafson estate netted Michael $120,000, after payment of Carr's fees. These monies were placed in a restricted guardianship account.

In May 2011, Jaffe discharged Carr. Thereafter, Carr billed Jaffe at a rate of $300 an hour for 83.3 hours of work expended in the guardianship action, amounting to $24,990 in fees and $2,403.23 for costs, totaling $27,393.23. Jaffe refused to make payments for the amounts billed by Carr for the guardianship action, asserting that he was never informed of Carr's rate of $300 an hour, nor was he ever informed that he would be responsible for the costs of the guardianship action, which were billed separately from the probate case.

On July 22, 2011 Jaffe filed a complaint with The Florida Bar arising out of the above-described dispute with Carr.[1] The parties attempted to negotiate a settlement of $11,000, but when Jaffe refused to withdraw the Florida Bar complaint as a condition of the settlement, the negotiations broke down. The trial court held a series of evidentiary hearings, one of which included expert testimony

---

[1] In July 2012, The Florida Bar notified Jaffe and Carr that it found no probable cause on Jaffe's complaint and that formal disciplinary proceedings were not warranted in the matter. It should be noted, however, that Jaffe's complaint with The Florida Bar (and The Florida Bar's determination of no probable cause) did not encompass Carr's subsequent action in attempting to negotiate a settlement conditioned upon Jaffe's withdrawal of the Florida Bar complaint. Such conduct is itself improper and is regarded as "conduct . . . prejudicial to the administration of justice." R. Regulating Fla. Bar 4-8.4(d) (2011); Fla. Bar v. Frederick, 756 So. 2d 79 (Fla. 2000).

that $24,030 was a reasonable amount of attorney's fees for the legal services rendered.

The trial court denied Jaffe's request to enforce a settlement, finding no agreement had been reached. The court then applied the criteria set forth in section 744.108(2)(a)-(i), Florida Statutes (2013), and determined a reasonable attorney's fee would be ninety hours at a rate of $300 per hour. However, "in view of the amount in the guardianship account," the court found it appropriate to reduce the attorney's fees to $16,700, plus costs (with the exception of $2,403.23, which were found to be non-taxable costs pursuant to Robbins v. McGrath, 955 So. 2d 633 (Fla. 1st DCA 2007)). The court reserved jurisdiction to tax the costs of the expert witness who testified on the issue of attorney's fees.

**ANALYSIS**

The standard of review for an award of attorney's fees is abuse of discretion. Global Xtreme, Inc. v. Advanced Aircraft Ctr., Inc., 122 So. 3d 487 (Fla. 3d DCA 2013). The court's interpretation of the terms of a settlement agreement is a question of law and is reviewed de novo. Commercial Capital Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007).

We agree with the trial court that "preliminary negotiations . . . do not establish a sufficient meeting of the minds to create an enforceable settlement agreement." Cheverie v. Geisser, 783 So. 2d 1115, 1118 (Fla. 4th DCA 2001). "To

4

be judicially enforceable, a settlement 'must be sufficiently specific and mutually agreeable as to every essential element.'" Id. (quoting Grimsley v. Inverrary Resort Hotel, Ltd., 748 So. 2d 299, 301 (Fla. 4th DCA 1999)). "Where the language of a release is disputed and the parties fail to reach an agreement as to the character, nature, or type of release to be used, an essential element of the agreement is not established." Cheverie, 783 So. 2d at 1119.

The evidence in the record supports the trial court's determination that no enforceable agreement was reached in this case and, instead, shows the parties had engaged merely in preliminary negotiations. The trial court properly determined that the withdrawal of the Florida Bar complaint was an essential term not agreed upon by either party.

Jaffe correctly contends that an agreement conditioned upon withdrawal of a Florida Bar complaint is unenforceable. Fla. Bar v. Frederick, 756 So. 2d 79, 86 (Fla. 2000); Fla. Bar v. Fitzgerald, 541 So. 2d 602, 605 (Fla. 1989). We do not agree, however, with Jaffe's further contention that this portion of the agreement is severable so as to render the remainder an effective agreement. A bilateral agreement is severable so long as the illegal term does not go to its essence and with the illegal portion eliminated, there still remains wholly supported and valid legal promises from both sides. Local No. 234 v. Henley & Beckwith, Inc., 66 So. 2d 818, 822 (Fla. 1953). In Local No. 234, the Supreme Court found that although

the provision in controversy was illegal, the remaining terms of the agreement were so interdependent on the illegal portion such that "it is impossible to conclude that the very significant promise on one side . . . can be entirely eliminated . . ." and there remain a valid contract. Id.

In this case, the trial court correctly found the contract was not severable because the illegal term went to the essence of the settlement, and the $11,000 figure was dependent upon inclusion of this term in the agreement.

As for the reasonableness of Carr's fees, "an award for attorney's fees requires competent substantial evidence," and "implicit in this is the requirement that the value of the services provided be supported by expert witness testimony." Cohen v. Cohen, 400 So. 2d 463, 465 (Fla. 4th DCA 1981). "Trial judges cannot rely upon [unsworn statements of lawyers] as the basis for making factual determinations; and this Court cannot so consider them on review of the record." Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982). "If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees." Id.

At the hearing, Carr presented not only the testimony of an expert, who testified as to the reasonableness of her fees, but her own sworn testimony[2] regarding the hours and costs expended in the guardianship case.

When proceedings are instituted to review or determine attorney's fees under section 744.108(2), "such proceedings are part of the guardianship administration process, and the costs . . . shall be determined by the court and paid from the assets of the guardianship estate unless the court finds the requested compensation under subsection (2) to be substantially unreasonable." § 744.108(8), Fla. Stat (2013). Expert witness fees may be taxed as costs for a lawyer who testifies as an expert regarding the value of a reasonable attorney's fees. Travieso v. Travieso, 474 So. 2d 1184, 1185 (Fla. 1985). A trial court can reserve jurisdiction to determine the amount of a prevailing party's attorney's fees and costs once it has been determined that the prevailing party is entitled to them. Ramle Int'l Corp. v. Greens Condo. Ass'n, Inc., 32 So. 3d 647, 648 (Fla. 3d DCA 2010).

In the case at bar, Levy, as Carr's counsel, and Zamora, as her expert witness, are both costs that became part of the guardianship administration because

---

[2] Carr testified as a witness in an evidentiary hearing held on August 31, 2011, and was cross-examined by opposing counsel at that time. The record fails to indicate that Carr was formally sworn in prior to the commencement of her testimony. At a subsequent evidentiary hearing held to take further testimony on the same issue, Carr was formally sworn in as a witness and provided further testimony at that time. During that subsequent hearing, Carr stated that everything she had testified to at the prior hearing was true. Jaffe failed to object at either of these hearings, but contends on appeal that Carr's unsworn testimony could not properly be considered by the trial court. We find no merit in this argument. Murphy v. State, 667 So. 2d 375 (Fla. 1st DCA 1995)(noting that objection to unsworn testimony cannot be made for the first time on appeal when the fact was known to the challenging party early enough to lodge a proper objection). See also, Dean v. State, 355 So. 2d 130 (Fla. 1st DCA 1978).

Levy's representation and Zamora's testimony were used to determine the reasonableness of the fees incurred in the guardianship proceedings. The trial court's order does not explicitly state that reducing the originally sought amount to $16,700 was a result of any determination that the fees sought were unreasonable, as Jaffe contends. Accordingly, it would not "defeat the statutory purposes" of section 744.108 to award Carr the fees and costs for Levy and Zamora. The court properly reserved jurisdiction to determine the amount of the fees and costs incurred in order to determine the reasonableness and necessity of the attorney's fees awarded.

Accordingly, we affirm the order granting Carr's petition for attorney's fees and costs and the order denying Jaffe's petition to enforce settlement agreement.

Affirmed.