# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-762
Lower Tribunal No. 08-531-P
_____

**Marlen Cantero Mesa, et al.,**
Appellants,

vs.

**The Bank of New York, etc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Sandra Taylor, Senior Judge.

Kenneth Eric Trent (Fort Lauderdale), for appellants.

Akerman, LLP, Nancy M. Wallace (Tallahassee), William P. Heller and Marc J. Gottlieb (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellee.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

EMAS, J.

Marlen Cantero Mesa and her husband Luis Mesa appeal an order denying their motion to quash service of process, and to vacate a default and default final judgment in this foreclosure case. We reverse, because the trial court erroneously determined that a notice of appearance by counsel in and of itself constituted a waiver of the Mesas' right to contest personal jurisdiction.

**FACTS**

On July 18, 2008, The Bank of New York as Trustee filed a mortgage foreclosure complaint against the Mesas, asserting they had defaulted on their mortgage by failing to make payments due from July 1, 2007. The mortgaged property was located at 147 Redwing Road in Monroe County.

Verified returns of service indicate that Mrs. Mesa was personally served on July 19, 2008 at 22121 SW 312th Street in Homestead, Florida, and that by serving her, substitute service was simultaneously effectuated upon Mr. Mesa.

When the Mesas failed to answer or otherwise respond to the allegations of the complaint, the Bank obtained a clerk's default and thereafter a final judgment on October 28, 2008. The foreclosure sale was originally set for December 4, 2008, but was later cancelled and not reset for nearly five years. On November 11, 2013, the Bank moved to reset the foreclosure sale.

On November 13, 2013, the Mesas filed a motion to quash service, vacate default and vacate final judgment. The Mesas asserted that they were never served

2

with the summons and complaint, and therefore the court did not have personal jurisdiction over them. The Mesas requested an evidentiary hearing to establish this assertion. Attached to their motion were affidavits from each of them, averring:

- The Mesas lived at the Redwing home in Monroe County until November 2008, when Mrs. Mesa moved to 32161 SW 197th Avenue in Homestead, Florida, and Mr. Mesa moved to Miami Beach.
- The Mesas bought vacant land at 22121 SW 312th Street, Homestead, Florida in 2005, and obtained a building permit for a single-family residence on that property in 2006. However, they were unable to complete construction until November 2010, due to Mrs. Mesa's cancer diagnosis.
- At no time prior to November 2010 did the Mesas or any family member reside at 22121 SW 312th Street in Homestead, Florida.
- Mrs. Mesa was not personally served with process in July 2008 or at any other time.

The Bank filed no response to the motion to vacate. At the hearing, the trial court observed that a notice of appearance had been filed by an attorney, on behalf of the Mesas, on November 14, 2012. The notice of appearance did not request any affirmative relief, and neither the Mesas, nor their counsel, participated in the proceedings, filed any motions or pleadings, or sought any affirmative relief until filing the motion to quash service and vacate judgments. Nevertheless, the Bank argued, and the trial court agreed, that counsel's filing of a notice of appearance

3

waived the Mesas' right to contest personal jurisdiction. The trial court entered an order denying the Mesas' motion to vacate, finding:

> The law is well established. A general appearance by an attorney prior to contesting personal jurisdiction waives objections to the sufficiency of service. FLJUR Actions§115; *Lennar Homes, Inc. v. Gabb Const. Service, Inc.*, 654 So.2d 649 (Fla. 3d DCA 1995); *Caldwell v. Caldwell*, 921 So.2d 759 (Fla. 1st DCA 2006). The Mesas waived any such objections with the filing of a general appearance.

This appeal followed. As this is an issue of law, the standard of review is *de novo*. Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA 2007).

Florida Rule of Civil Procedure 1.140(b) provides in pertinent part:

> **b) How Presented.** Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

Thus, the rule permits a party to raise, by motion or pleading, the defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process. However, if a party does not raise these defenses in its initial motion or responsive pleading, such defenses are waived. Fla. R. Civ. P. 1.140(h)(1); Coto-Ojeda v. Samuel, 642 So. 2d 587 (Fla. 3d DCA 1994).

4

In the instant case, the Mesas raised these defenses in their initial motion, and before any responsive pleading. The only document that had been filed prior to the motion was the notice of appearance filed by the Mesas' attorney. That notice of appearance did not answer or respond to the complaint, raise any defense, seek any affirmative relief, or by its terms submit the Mesas to the jurisdiction of the court. Rather, it simply served as formal notice that counsel was representing the Mesas in the instant case, and requested that counsel be served with copies of any future pleadings, motions and notices.

The trial court erred in determining that counsel's filing of this notice of appearance[1] waived the right to contest personal jurisdiction, including the right to

---

[1] The trial court's order appears to misapprehend the term "general appearance" and equates the filing of a simple notice of appearance with a "general appearance." The Florida Supreme Court, in Public Gas Co. v. Weatherhead Co., 409 So. 2d 1026, 1027 (Fla. 1982) made it clear that an attorney's "neutral and innocuous" notice of appearance does not constitute a "general appearance." By contrast, and by way of example, a party's active participation in the trial court proceedings without raising lack of personal jurisdiction has been held to constitute a general appearance. Solmo v. Friedman, 909 So. 2d 560 (Fla. 4th DCA 2005); Bush v. Schiavo, 871 So. 2d 1012 (Fla. 2d DCA 2004). Also, the filing of a responsive pleading or motion which fails to raise the lack of personal jurisdiction, constitutes a party's "general appearance," submission to the jurisdiction of the court, and waiver of the right to later contest personal jurisdiction. Samuel, 642 So. 2d at 587. The continued use of the terms "general appearance" and "special appearance" has long been criticized as obsolete, see id. at 588 (Cope, J. concurring), as the 1948 adoption of the Florida Rules of Civil Procedure (including the predecessor to rule 1.140) eliminated the need for, and distinction between, general and special appearances. See Kennedy v. Vandine, 185 So. 2d 693 (Fla. 1966); Ward v. Gibson, 340 So. 2d 481 (Fla. 3d DCA 1976); First Wisconsin Nat. Bank v. Donian, 343 So. 2d 943 (Fla. 2d DCA 1977). And as seen in the instant case, the term general appearance can easily be confused with a

contest the sufficiency of service of process.  See Public Gas Co. v. Weatherhead Co., 409 So. 2d 1026, 1027 (Fla. 1982) (holding that "the filing of a 'notice of appearance' by Weatherhead's counsel did not waive its right to claim lack of jurisdiction over its person")(approving this court's earlier conclusion in Weatherhead v. Coletti, 392 So. 2d 1342, 1344 (Fla. 3d DCA 1980), that "[t]here is no basis in the rules and no reason in policy for a determination that the mere filing of an entirely neutral and innocuous piece of paper, which indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction should nevertheless be given just that effect").  See also Podd v. Becker, 728 So. 2d 1234 (Fla. 3d DCA 1999).

The cases relied upon by the trial court in its order denying the Mesas' motion are inapposite.  Neither of those cases dealt with the legal effect of the filing of a notice of appearance.  In Lennar Homes, Inc. v. Gabb Construction Services, 654 So. 2d 649 (Fla. 3d DCA 1995), the defendant, in response to the complaint, filed a motion to dismiss the complaint without raising the defense of lack of process or insufficiency of service of process.  The defendant later filed an

---

general *notice* of appearance, providing additional cause to yearn for the term's eventual demise. For now, however, the concept of "general appearance" survives as a term of art denoting the actions or circumstances by which a party is deemed to have submitted itself to the jurisdiction of the court, and should not be equated with the filing of a general notice of appearance.

answer to the third-party complaint, again failing to raise the defense of lack of process or insufficiency of service of process. We held that in doing so, defendant waived its right to assert these defenses at a later stage of the proceedings.

In Caldwell v. Caldwell, 921 So. 2d 759, 760 (Fla. 1st DCA 2006), the husband's attorney filed a notice of appearance, and thereafter, "[f]urther proceedings occurred in the dissolution action in which the husband participated." In that situation, the First District held that the husband by participation in further proceedings waived the issue of personal service. Neither of the circumstances in Lennar Homes or Caldwell is presented by the record in the instant case.

The Bank concedes that this is the law in Florida, but contends that we should nevertheless affirm because the Mesas' affidavits are insufficient to shift the burden to the Bank to prove proper service, and because the Mesas waived any right to an evidentiary hearing. However, the trial court did not base its ruling upon any determination of the sufficiency or insufficiency of the Mesas' affidavits, but rather only upon what it determined to be the legal effect of the notice of appearance. Moreover, the Mesas were present at the hearing and were prepared to testify when the trial court raised the issue of the earlier-filed notice of appearance.[2]

_____

[2] In fact, Ms. Mesa had already begun testifying when the trial court raised the notice of appearance, which quickly became the focus of the trial court's inquiry and its ultimate determination. Although it appears from the transcript that Ms. Mesa was not sworn, the Bank failed to interpose any objection to this, thereby waiving the issue on appeal. See Spivey v. State, 12 So. 3d 880 (Fla. 5th DCA 2009); Murphy v. State, 667 So. 2d 375 (Fla. 1st DCA 1995).

7

We reject the Bank's assertion that the Mesas waived their right to an evidentiary hearing, as such a claim is not supported by the record.

Reversed and remanded for further proceedings consistent with this opinion.