SHARP, Judge.
McLean Savings & Loan Association appeals [1] from a non-final order determining that the Florida court had personal jurisdiction over it, by service effectuated under the Florida Long Arm Statute. § 48.193, Fla.Stat. (1983). Appellant filed an affidavit establishing that the contract to provide mortgage financing which gave rise to the litigation was executed in Virginia, by a Virginia Savings & Loan that had no busi *218 ness offices in Florida, and that the contract called for McLean to perform no acts in Florida. We affirm.
The trial court denied McLean’s motion to dismiss on the ground that jurisdiction had been established under section 48.-193(l)(a), Florida Statutes (1983). That section subjects a person to the jurisdiction of courts of this state who:
(1) ... does any of the acts enumerated in this subsection ... for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business venture in this state or has an office or agency in this state.
In its second amended complaint, appel-lee alleged that it had entered into a permanent loan commitment with McLean for which it paid $50,000.00; and under the commitment McLean was to provide permanent loan financing totaling two million dollars ($2,000,000.00) for owner-occupied condominium units in Sandpiper Towers, a Florida project. It further alleged that pursuant to its commitment, McLean was to provide loan forms and documents to its loan processors in Florida, and process loan applications for qualified Florida buyers. Appellee alleged McLean failed to perform any of its obligations under the permanent commitment.
In an effort to oppose McLean’s motion to dismiss, Winslow Loudermilk Corporation, individually and as General Partner of Global Properties, Ltd., established by affidavits and admissions the facts alleged in its complaint and additional matters. The loans McLean was to make under its commitment were to be secured by Florida real estate mortgages. McLean was to provide loan forms and documents to Pioneer Federal Savings & Loan Association in Florida, and it was to act as McLean’s originator and loan agent for the Sandpiper project. The affidavits and admissions also established that McLean had engaged in similar loan commitments with other Florida borrowers, and that it had designated at least ten agents in Florida to act as originators for loans.
We agree with the trial court that the record provides a sufficient basis to conclude McLean is operating and engaging in a course of business in Florida involving providing permanent loan financing,[2] and that the present controversy arose out of that business. We do not think that it is necessarily fatal to the appellee’s position that the allegations of the amended complaint might not alone have sufficed to establish McLean’s conduct of a business venture in Florida. At the time the trial court ruled on McLean’s motion, the record included affidavits and admissions which adequately supplemented appellee’s theory that McLean was doing business in Florida, and we think the trial court properly considered them in this case. Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla.1977); Investors Associates, Inc. v. Moss, 441 So.2d 1144 (Fla. 3rd DCA 1983); Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978).
AFFIRMED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Fla.R.App.P. 9.130(a)(3)(C)(i).

. Citizens State Bank v. Winters Government Securities Corp., 361 So.2d 760 (Fla. 4th DCA 1978).