641 So.2d 182 (1994)
MID-FLORIDA ASSOCIATES, LTD., et al., Appellants,
v.
Mary Lou TAYLOR, et al., Appellees.
No. 93-2598.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
Craig J. Cannon of Weiner & Cannon, Ocala, for appellants.
Steven M. Meyers of Meyers, Mooney, Meyers & Bailey, Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from an order denying dismissal of the action below.[1] Because appellee failed to obtain service of process on appellants within the requisite 120 days, appellants moved to dismiss the case. See Fla. R.Civ.P. 1.070(i). Appellees responded to the motion and convinced the court that they had good cause to show for the delay.
The trial court has "broad discretion in declining to dismiss an action if reasonable cause for failure to effect timely service is documented." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla. 1992). Appellee filed the affidavit of a private investigator with the trial court, which explained the reasons for appellee's delay. On April 5, 1991, appellee's counsel hired the private investigator to find the owners of the Palatka Mall. The investigator reported to appellee's counsel that appellants were the owners of the Palatka Mall. On September 11, 1991, appellee's counsel wrote to the Montgomery County, Pennsylvania Sheriff's Department requesting service of process on appellants. Appellee's counsel again requested the service of the private investigator in January of 1992 because the Montgomery County Sheriff's *183 Office had not served appellants. Appellee's counsel wrote to the sheriff in Chester County, the county adjacent to Montgomery County, requesting service of process on appellants. All of this was done before the expiration of the 120-day time limit for service of process. The investigator was again advised that appellants had not been served. The investigator then discovered that General Syndicators of America had moved, but the Pennsylvania Department of State corporate records still listed their old address, and Mid-Florida Associates, Inc. was not listed in the Pennsylvania Department of State Corporate records. Appellants were served on June 18, 1993. The trial court found that appellee attempted to serve appellants, but was unable to complete service of process on appellants prior to the 120-day time limit "due to the nature of appellants," which we interpret to mean because appellants failed to provide their correct address to the Pennsylvania Department of State corporate records. The trial court did not abuse its discretion in declining to dismiss appellee's action.
AFFIRMED.
HARRIS, C.J., concurs.
GRIFFIN, J., concurs specially in result only, without opinion.
NOTES
[1] We have jurisdiction. See Sheriff of Brevard County v. Lampman-Prusky, 634 So.2d 660, 661 n. 1 (Fla. 5th DCA 1994); Comisky v. Rosen Management Serv., Inc., 630 So.2d 628 (Fla. 4th DCA 1994). Contra, RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993); Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993).