643 So.2d 55 (1994)
Julio E. POLO, Appellant,
v.
Marcela POLO, Appellee.
No. 94-1395.
District Court of Appeal of Florida, Third District.
September 28, 1994.
Hollander & Bartelstone and Ted H. Bartelstone, Miami, for appellant.
*56 Ricardo E. Pines, Coral Gables, for appellee.
Before HUBBART, BASKIN and GREEN, JJ.
PER CURIAM.
This is an appeal by the husband Julio E. Polo from a non-final order denying his motion to dismiss the wife Marcela Polo's petition (a) to domesticate a final judgment of dissolution of marriage, incorporating a property settlement agreement involving the parties herein, entered by a family court in Venezuela, (b) to find the husband in contempt for breaching the property settlement agreement in Florida when he conveyed certain realty in Florida to the wife subject to a substantial mortgage, which mortgage the husband failed to disclose to the wife or the Venezuelan court, in violation of the subject property settlement agreement which required that the husband make the subject conveyance to the wife free and clear of any encumbrances, and (c) to award the wife damages for the husband's breach of the property settlement agreement.
We affirm the order under review insofar as the husband's motion to dismiss challenged the trial court's in personam jurisdiction over the husband. Clearly, the husband's acts constitute a breach of contract in Florida which subjects the husband to long-arm in personam jurisdiction under Section 48.193(1)(g), Florida Statutes (1993), which assertion of such jurisdiction does not offend traditional notions of fair play and substantial justice under the circumstances of this case. High Country Ins. Agency v. Administrative Management Servs. Syndicate, Ltd., 549 So.2d 776 (Fla. 1989); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).
We decline to consider the husband's claim that the initial process and pleading herein were not served on the husband within 120 days after the filing of the petition in the circuit court in violation of Fla.R.Civ.P. 1.070(i). The non-final order denying the husband's motion to dismiss based on this claim is not an appealable non-final order under Fla.R.App.P. 9.130(a)(3)(C)(i) and the husband's appeal from that aspect of the order is dismissed for lack of jurisdiction. Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989). Contra Comisky v. Rosen Management Serv., Inc., 630 So.2d 628 (Fla. 4th DCA 1994) (en banc) (7-4 decision).
Affirmed in part; dismissed in part.