PER CURIAM.
This court granted appellees’ motion to dismiss this nonappealable, non-final appeal. Appellant then filed a motion for certification alleging conflict among the district courts of appeal. At the trial court, appellant had sought dismissal because of appellees’ failure to effect service within one hundred twenty days pursuant to Florida Rule of Civil Procedure 1.070(i).
Our ruling granting appellant’s motion to dismiss is consistent with prior decisions of this court. See Khandjicm v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993). However, we acknowledge that this decision is in conflict with decisions of other districts. See Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994) (en banc)-, Mid-Florida Associates, Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994). We therefore grant appellant’s motion for certification and certify this question to the Florida Supreme Court to resolve a conflict among the district courts of appeal:
DOES AN ORDER DENYING A MOTION TO DISMISS A COMPLAINT CLAIMING UNTIMELY SERVICE PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE 1.070(i) FAIL TO CONSTITUTE AN ORDER DETERMINING THE JURISDICTION OVER THE PERSON, THUS MAKING IT A NONAPPEALABLE, NON-FINAL ORDER?
RYDER, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.