701 So.2d 389 (1997)
Michael THOMAS, et al., Appellants,
v.
James S. SILVERS, et al., Appellees.
No. 97-2617.
District Court of Appeal of Florida, Third District.
November 5, 1997.
Thomas F. Luken, Ft. Lauderdale, for appellants.
Zack, Sparber, Kosnitzky, Spratt & Brooks, Stephen N. Zack and Jill E. Anderson, Miami, for appellees.
*390 Before NESBITT, LEVY and FLETCHER, JJ.
PER CURIAM.
Appellants, defendants below, seek review of an order denying their motion to dismiss which was based solely on Florida Rule of Civil Procedure 1.070(i) (formerly 1.070(j)), which provides that complaints must be served on defendants within 120 days of their filing. The appellees, plaintiffs below, have filed a motion to dismiss this appeal, which we grant.
We find that the trial court's order is a nonappealable non-final order, as it does not fall within one of the enumerated categories under Florida Rule of Appellate Procedure 9.130(a)(3). See Novella Land, Inc. v. Panama City Beach Office Park, Ltd., 662 So.2d 743 (Fla. 1st DCA 1995); Polo v. Polo, 643 So.2d 55 (Fla. 3d DCA 1994); RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993); Khandjian v. Compagnie Financiere Mediterranee Cofimed, 619 So.2d 348 (Fla. 2d DCA 1993), disagreed with on other grounds by Cannon v. Yager, 658 So.2d 591 (Fla. 2d DCA 1995). Since we find that the trial court's order is not an order determining jurisdiction of the personthe only possible rule 9.130(a)(3) category it might fall withinwe have no jurisdiction and, therefore, we dismiss the appeal. See Polo, 643 So.2d at 55; Khandjian, 619 So.2d at 348.
We agree with the Khandjian court that the Supreme Court's Morales decision[1] does not expand rule 9.130(a)(3) so as to render appealable an order denying a motion to dismiss based solely on the failure to obtain timely service of process. Khandjian, 619 So.2d at 349. We certify conflict with Mid-Florida Associates, Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994); and Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994)(en banc).
Motion granted; appeal dismissed.
NOTES
[1] Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992).