COBB, Judge.
The appellants/defendants, Meadows of Citrus County, Inc., et al., lack standing to assert the alleged untimely service of process on a co-defendant and this appeal is accordingly dismissed.[1]
Florida Rule of Civil Procedure 1.0700 provides:
Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Meadows, et al. do not assert that the plaintiff failed to serve them in a timely manner but rather assert that a co-defendant, Mildred E. Wilson, was not timely served and that this warrants dismissal of the action. Wilson, however, answered the complaint and failed to raise the issue of the timeliness of service upon her.
The defense of insufficient service of process under Rule 1.0700 is waived where it is not raised in the answer or in a pre-answer motion. Parra v. Raskin, 647 So.2d 1010 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995). The defense is personal to the affected defendant and cannot be raised by a co-defendant who has been timely served.[2]
Furthermore, where properly raised, the defense of failure to timely serve a defendant under Rule 1.0700 warrants dismissal of the cause as to that defendant but not as to co-defendants who have been timely served. See, e.g., Taco Bell Corp. v. Costanza, 686 So.2d 773 (Fla. 4th DCA 1997)(re-versing and remanding for entry of “order dismissing appellants from the suit for noncompliance with” Rule 1.0700). This is particularly clear when the language of Federal Rule of Civil Procedure 4(m), from which our *204 Rule 1.070(j) is patterned, see Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992) is reviewed:
If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
The cases relied upon by the appellants for dismissal here, Sheriff of Brevard County v. Lampman-Prusky, 634 So.2d 660 (Fla. 5th DCA 1994) and Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992) are distinguishable. Those decisions involved actions against state agencies and the failure to timely serve the Department of Insurance, which service is essential to the acquisition of jurisdiction over said agencies.[3] Furthermore, as subsequently explained in Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994), the Department of Insurance is not a party in such context so that Rule 1.070(j) has no applicability to such situations.
APPEAL DISMISSED.
W. SHARP and HARRIS, JJ., concur.

. We reaffirm our belief that an order denying a motion to dismiss for failure of the plaintiff to serve the defendant within 120 days of filing the complaint is appealable. See Mid-Florida Associates, Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994). Accord Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994)(en banc). Contra Novella Land, Inc. v. Panama City Beach Office Park, Ltd., 662 So.2d 743 (Fla. 1st DCA 1995); Thomas v. Silvers, 701 So.2d 389 (Fla. 3d DCA 1997); Khandjian v. Compagnie Financiera Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993).

. A defendant may raise the defense of a failure to join an indispensable party where a co-defendant was not timely served and is ordered dismissed from the action but this case does not present that situation.

. See § 768.28, Fla. Slat.