711 So.2d 1251 (1998)
WAXOYL, A.G., Appellant,
v.
TAYLOR, BRION, BUKER & GREENE, a general partnership, Appellee.
No. 96-2664.
District Court of Appeal of Florida, Third District.
May 20, 1998.
*1252 Brookmyer & Hochman, P.A. and Gary Brookmyer, for appellant.
Taylor, Brion, Buker & Greene and Anthony F. Sanchez, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
COPE, Judge.
Appellant appeals the denial of its motion to quash service of process. We affirm.
Plaintiff-appellee Taylor, Brion, Buker & Greene is a law firm which has sued defendant-appellant Waxoyl, A.G. for nonpayment of legal fees. Waxoyl is a Swiss corporation. A number of its subsidiaries are Florida corporations with their main offices in Florida. According to Waxoyl's affidavit, Waxoyl itself does not maintain any offices, or conduct business (apart from the activities of its subsidiaries), in Florida.
According to the complaint, a Liquidator was appointed by the courts of the United Kingdom for the purpose of collecting and administering the assets of Edward E. Hubbard, who is alleged to be the legal or beneficial owner of Waxoyl. In 1993, the Liquidator initiated an ancillary proceeding in the United States Bankruptcy Court for the Southern District of Florida against Hubbard; his daughter, Bernadette Hubbard; Waxoyl's Florida subsidiaries; and two Caribbean subsidiaries. The ancillary proceeding did not name Waxoyl as a defendant.
The law firm alleges that it was hired by Waxoyl and the bankruptcy court defendants to defend them against the Liquidator's bankruptcy court proceeding. The law firm asserts that these legal services were provided to and for the benefit of Waxoyl, as well as the bankruptcy court defendants. The law firm's affidavit states that assets of Waxoyl were at risk in the litigation; that protection of Waxoyl from pursuit of claims by the Liquidator was one of the goals of the legal representation; and to those ends, that Waxoyl president Ursula Hubbard actively participated in the litigation strategy. The law firm asserts that a settlement was achieved which was favorable to Waxoyl and the subsidiaries.
After conclusion of the litigation, the law firm brought suit for unpaid legal fees against Waxoyl, among others.[1] The law firm served process on Waxoyl by substituted service on the secretary of state. See § 48.161, Fla. Stat. (1995). The law firm took the position that Waxoyl was a nonresident which was engaging in business or a business venture within Florida. See id. § 48.181(1). Waxoyl's motion to quash service of process was denied, and Waxoyl has appealed.
Waxoyl first contends that the law firm's complaint fails to allege, in the words of the statute, that Waxoyl has undertaken "to operate, conduct, engage in, or carry on a business or business venture in this state," id., so as to constitute an appointment by the secretary of state as its agent for service of process. See id. However, repeating the statutory language is not the only way to *1253 invoke the long-arm statute. As explained by the Florida Supreme Court, "Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (emphasis added). Alternatively, if plaintiff alleges a factual basis from which it can be determined that the long-arm statute applies, then that is also an acceptable method of invoking the long-arm statute. See Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838, 841 (Fla. 4th DCA 1997).
The more substantial preliminary question is whether, for these purposes, our review is confined to the face of the complaint, or whether we may consider the affidavits that are of record. Waxoyl argues that the complaint is facially insufficient and that the additional facts set forth in the affidavits cannot be considered. We disagree.
After service on the secretary of state, Waxoyl filed its motion to quash service of process which stated, "As the grounds for service of process upon Waxoyl, A.G. pursuant to the above referenced sections [§§ 48.161, .181, .193, Fla. Stat.] do not exist, service is improper." This initial motion to quash was, by its terms, directed to the factual basis for long-arm jurisdiction, rather than the sufficiency of the pleadings. Waxoyl had, in connection with an earlier motion to quash, already filed the affidavit of its president, Ursula Hubbard, stating that Waxoyl did not have an office or real property in Florida, nor do business or sell products into Florida. In response, the law firm filed affidavits confirming many of the allegations of the complaint. The affidavit explained that Waxoyl retained the law firm, inter alia, to protect its own assets, and was actively involved in the direction of litigation strategy both for itself and its subsidiaries.
Later, Waxoyl filed a supplemental motion to quash service of process in which Waxoyl attacked, among other things, the sufficiency of the complaint's allegations regarding long-arm jurisdiction. Thus, by the time of the hearing, Waxoyl had challenged both the pleadings and the factual basis for long-arm jurisdiction. As stated by the Fifth District Court of Appeal in a comparable situation, the affidavits may properly be considered in addition to the complaint:
[T]he record provides a sufficient basis to conclude McLean is operating and engaging in a course of business in Florida involving providing permanent loan financing, and that the present controversy arose out of that business. We do not think that it is necessarily fatal to the appellee's position that the allegations of the amended complaint might not alone have sufficed to establish McLean's conduct of a business venture in Florida. At the time the trial court ruled on McLean's motion, the record included affidavits and admissions which adequately supplemented appellee's theory that McLean was doing business in Florida, and we think the trial court properly considered them in this case.
McLean Sav. & Loan Ass'n v. Winslow Loudermilk Corp., 469 So.2d 217, 218 (Fla. 5th DCA 1985) (citations omitted).
It is our view that on this record, there is an adequate showing that Waxoyl was engaged in business within Florida for purposes of section 48.181(1), Florida Statutes (1995). It is true that the mere "presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within this state." Qualley v. Int'l Air Serv. Co. Ltd., 595 So.2d 194, 196 (Fla. 3d DCA 1992) (citations omitted). Here, however, there is more. Waxoyl did not remain aloof from the Florida bankruptcy proceedings, even though Waxoyl was not itself named as a defendant. Instead, Waxoyl took an active role in hiring and directing Florida counsel in the representation of the Florida subsidiaries, as well as the formulation of a strategy to avert potential exposure to Waxoyl itself. In doing so, Waxoyl was furthering its own business interests. See Nichols v. Paulucci, 652 So.2d 389, 393-94 (Fla. 5th DCA 1995). We think these activities amount to the conducting, engaging in, or carrying on a business or business venture in Florida for purposes of section 48.181(1), where the present lawsuit arises out of that same transaction. See id.; see also Atwood *1254 v. Calumet Indus., Inc., 308 So.2d 555, 556 (Fla. 4th DCA 1975); Maryland Cas. Co. v. Hartford Accident & Indem. Co., 264 So.2d 842, 844 (Fla. 1st DCA 1972); McCarthy v. Little River Bank & Trust Co., 224 So.2d 338, 341 (Fla. 3d DCA 1969).[2]
Waxoyl next argues that the law firm did not timely file its affidavit of compliance within the time required by section 48.161(1) after service on the secretary of state. Under the statute, an affidavit of compliance should have been filed on or before the return day, unless otherwise ordered by the court. See id. The affidavit was filed twenty-five days after the return date.
The law firm contends that this claim is procedurally barred, because Waxoyl did not raise any contention about the affidavit of compliance in its initial motion to quash service of process on the secretary of state. The challenge to the affidavit of compliance was first raised several months later in Waxoyl's supplemental motion to quash substituted service. The law firm contends that the challenge to the affidavit of compliance was waived because it was not raised in the original motion. We do not agree, because the supplemental motion was filed before there had been any hearing on the motion to quash.
In an analogous situation, this court has held that no waiver occurred where a litigant first filed a motion to dismiss (which did not raise the question of improper venue) and then, before the motion to dismiss was heard, filed another motion which raised the question of improper venue. See Valjean Corp. v. Heininger, 559 So.2d 677, 678 (Fla. 3d DCA 1990). This court concluded that there had been no waiver because the venue motion was filed before the motion to dismiss was heard. See id.; see also Gross v. Franklin, 387 So.2d 1046, 1049 (Fla. 3d DCA 1980) (no waiver "where separate motions raising [Florida] Rule [of Civil Procedure] 1.140(b) defenses are filed before hearing is held on any such motion.").
In the present case, Waxoyl filed a motion to quash service of process on one ground, and then, before a hearing on the merits of the motion to quash, added additional grounds by its supplemental motion to quash service of process. In effect, the initial motion to quash was amended to add additional grounds. The motion, and supplemental motion, were both heard at the same time. Under Valjean and Gross, there was no waiver of the claim, first raised in the supplemental motion, that the affidavit of compliance was untimely.
On the merits, however, we conclude that this argument was properly overruled. The affidavit of compliance asserts that Waxoyl refused to accept the certified mail transmittal of the complaint in this case. "A refusal to accept delivery excuses the filing of return receipts and further compliance with Section 48.161...." Cortez Development Co. v. New York Capital Group, 401 So.2d 1163, 1165 (Fla. 3d DCA 1981) (citation omitted).
Waxoyl finally argues that the complaint should be dismissed because the law firm failed to serve process on it within 120 days after the filing of the complaint, as required by Florida Rule of Civil Procedure 1.070(I) (1995).[3] That issue cannot be raised by interlocutory appeal, see Thomas v. Silvers, 701 So.2d 389, 390 (Fla. 3d DCA 1997); Polo v. Polo, 643 So.2d 55 (Fla. 3d DCA 1994), and we decline to treat the appeal as a petition for writ of certiorari. See RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002, 1003 (Fla. 3d DCA 1993).
For the reasons stated, the order under review is affirmed.
NOTES
[1] The other defendants include Edward E. Hubbard, Bernadette Hubbard, and the Waxoyl subsidiaries that had been defendants in the bankruptcy court proceeding.
[2] This appeal does not involve any claim to predicate long-arm jurisdiction on section 48.193(1)(g), which authorizes long-arm jurisdiction over a person "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Id.
[3] The 120-day rule is now Florida Rule of Civil Procedure 1.070(j) (1997).