748 So.2d 263 (1999)
Michael THOMAS, et al., Petitioners,
v.
James S. SILVERS, et al., Respondents.
No. 91,860.
Supreme Court of Florida.
October 21, 1999.
Thomas F. Luken, Fort Lauderdale, Florida, for Petitioners.
Stephen N. Zack and John Arrastia, Jr. of Zack, Sparber, Kosnitzky, Spratt & Brooks, P.A., Miami, Florida, for Respondents.
PER CURIAM.
We have for review Thomas v. Silvers, 701 So.2d 389 (Fla. 3d DCA 1997), in which the district court certified conflict with Mid-Florida Associates, Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994), and Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The issue underlying the conflict is whether an order denying a motion to dismiss which is based on untimely service under Florida Rule of Civil Procedure 1.070(j) is a nonfinal, appealable order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). While this case was pending review in this Court, we amended rule 1.070(j). We conclude that the amended rule should apply to this case and that under the amended rule the challenged order is not a proper subject for interlocutory appeal under rule 9.130(a)(3)(C)(i).

I. Facts
The Thomases filed a motion to dismiss this mechanic's lien foreclosure action, arguing that Silvers failed to serve the initial summons and complaint within 120 days of the filing of his lawsuit as required by rule 1.070(j). After a hearing, the trial court denied the motion. The Thomases appealed that ruling. The district court dismissed the appeal, concluding that an order denying a motion to dismiss which was based on untimely service is a nonfinal order and that it does not fall within any of the categories set forth in Florida Rule of Appellate Procedure 9.130(a)(3). Thomas v. Silvers, 701 So.2d 389, 390 (Fla. 3d DCA 1997). The court noted our decision in Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992), and found that it did not expand Florida Rule of Appellate Procedure 9.130(a)(3) to include an order which denies a motion to dismiss based solely on the failure to obtain timely service of process. The court recognized that its decision *264 conflicted with the decisions in Taylor and Comisky.

II. Analysis
Article V, section 4 of the Florida Constitution states that district courts may review interlocutory orders to the extent provided in rules adopted by the Supreme Court. Rule 9.130 governs interlocutory review of nonfinal orders. Specifically, rule 9.130(a)(3)(C)(i) allows district courts to entertain interlocutory appeals from lower court orders which determine "jurisdiction of the person." The issue in this case is whether an order denying a motion to dismiss which is based on untimely service of process is an order which determines "jurisdiction of the person." In considering this issue, we remain vigilant in guarding the policy underlying rule 9.130 restricting piecemeal review of nonfinal orders because allowing such a review, in most cases, only serves to waste court resources and needlessly delay final judgment. See Travelers Ins. Co. v. Bruns, 443 So.2d 959, 960 (Fla.1984).
The Thomases rely on the Fourth District's decision in Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994), which held that the timeliness of service related to the validity of service and was therefore appealable under rule 9.130(a)(3)(C)(i). This decision was premised upon our decision in Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992), in which we held that a trial court must dismiss a complaint under rule 1.070(j) when service is not effected within the 120-day limit and the plaintiff fails to establish good cause for the delay. Our decision in Morales, however, is no longer viable and, therefore, neither is Comisky, in light of a recent amendment to rule 1.070(j).
In Amendment to Florida Rule of Civil Procedure 1.070(j), 746 So.2d 1084 (Fla.1999), we amended rule 1.070(j) to read as follows:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action shall be dismissed without prejudice or drop that defendant dropped as a party on the court's own initiative after notice or on motion. ;provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
We stated that this amended rule was to apply to all civil cases commenced after the issuance of the opinion and, insofar as just and practicable, to all civil cases pending as of the date of issuance of the opinion. Id. We find that applying this amended rule in this case, which was pending on review as of the date of issuance of the opinion amending rule 1.070(j), is just and practicable.
The newly amended rule broadens a trial court's discretion to permit an extension of time for service of process absent a showing of good cause. This amendment brings rule 1.070(j) in line with its federal counterpart, Federal Rule of Civil Procedure 4(m).[1] The amended rule provides that when a plaintiff fails to effect timely service of process without showing *265 good cause or excusable neglect, the trial court retains the discretion to (1) extend the period for service, (2) dismiss the action without prejudice, or (3) drop that defendant as a party. Based on this broadened discretion, we hold that an order denying a motion to dismiss which is based on untimely service under rule 1.070(j) is not an order which determines "jurisdiction of the person" and therefore is not an order which is directly appealable under rule 9.130(a)(3)(C)(i). This holding is consistent with the judicial policy of restricting piecemeal review of nonfinal orders. See Bruns, 443 So.2d at 960.

III. Conclusion
We decline to address the second issue raised by the Thomases, as it was not addressed by the district court. See Provident Management Corp. v. City of Treasure Island, 718 So.2d 738, 740 (Fla.1998) ("[A]s a rule, we eschew those claims not first subjected to the crucible of the appellate process."). We approve the decision below, disapprove the decisions in Comisky and Mid-Florida Associates in light of the recent amendment to rule 1.070(j), and remand this case to the district court for further action consistent with this opinion.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON, Senior Justice, concur.
NOTES
[1] See Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir.1998); De Tie v. Orange County, 152 F.3d 1109, 1111 n. 5 (9th Cir.1998); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir.1997); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir.1996); Adams v. Allied-Signal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir.1996); Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir.1995); Petrucelli v. Bohringer, 46 F.3d 1298, 1304 (3d Cir.1995).