COPE, J.
(dissenting).
A litigant who invokes the substituted service statute must strictly comply with it. See Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141, 142 (Fla. 3d DCA 1986). The plaintiff'in this case failed to file the required affidavit of compliance.
The case law excuses the filing of the affidavit of compliance if the certified mail receipt indicates that there was a refusal to accept delivery. See Waxoyl, A.G. v. Taylor, Brion, Buker & Greene, 711 So.2d 1251, 1254 (Fla. 3d DCA 1998). The courts have not heretofore excused the filing of an affidavit of compliance where, as here, the return receipt was marked “unclaimed.” See Wyatt v. Haese, 649 So.2d 905, 907-08 (Fla. 4th DCA 1995).
The majority draws the conclusion that the certified mail was refused in this instance because it was addressed to the defendant at the correct business address in Spain, and there had been an earlier successful delivery of mail when directed to that address. Be that as it may, the postal receipt indicates “unclaimed,” not “refused.”
Given the vagaries of international postal service, I do not think it is wise to say that “unclaimed” means “refused,” nor would I make the assumption that the Spanish postal authorities do not know the difference. Plaintiff should comply with the statute. The default based on this *1262 substituted service should be set aside and, the plaintiff having subsequently perfected service under the Hague Convention, this case should proceed to consideration on the merits.