PER CURIAM.
East County Water Control District (the District) seeks a writ of prohibition to bar the circuit court from exercising jurisdiction over a “complaint of intervenor” that Lee County filed in an action that the court previously had dismissed with prejudice. We conclude that the trial court lacks jurisdiction to proceed with the new complaint within the dismissed proceeding. Therefore, we grant the petition and issue the writ.
Lehigh Acres Lot Owners Association (the Association) filed an action against the District in December 2000. The lawsuit involved a dispute over assessments paid to the District by the members of the Association. In October 2002, Lee County moved to intervene, claiming that it had “a substantial interest in the pending action.” It asked to intervene as a “party plaintiff’ pursuant to Florida Rule of Civil Procedure 1.230. The circuit court granted Lee County’s motion but it specified that Lee County would be “a third-party interve- *94 nor” in the action. Although these quoted legal descriptions of Lee County’s status may not be critical in this case, it is important that the court’s order did not grant Lee County the right to plead without being subordinate to the main action. Lee County did not file a complaint or any other pleading seeking affirmative relief when it was granted intervention status.
In July 2003, the District and the Association filed a stipulation for entry of a final judgment. On July 31, 2003, the circuit court entered a final judgment dismissing the Association’s claim against the District with prejudice. The record reflects that Lee County was served with these documents. Lee County did not object to the dismissal or move for rehearing of the final judgment.
For reasons that are not clear in our record, in September 2003, the District filed a motion to dismiss Lee County from the action, even though it had already been dismissed with prejudice. The circuit court held a hearing on the District’s motion, and the District lost. The circuit court denied the District’s motion to dismiss and permitted Lee County to file a “complaint of intervenor.” The District maintains that the circuit court lacks jurisdiction to proceed with Lee County’s claim within an action that had been dismissed with prejudice.
We conclude that this matter, which was first raised in the circuit court, is controlled by our decision in 84 Lumber Company v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994).[1] As in 84 Lumber, Lee County is attempting, as an interve-nor, to proceed with litigation within an action that the circuit court has already dismissed with finality. Although a circuit court clearly can have subject matter jurisdiction over this type of dispute, it has no jurisdiction to hear a new claim brought within a case that has been terminated by a dismissal with prejudice. See also Oceanair of Fla., Inc. v. Beech Acceptance Corp., 545 So.2d 443 (Fla. 1st DCA 1989) (filing of joint stipulation for dismissal with prejudice terminated litigation instantaneously so that trial court was without jurisdiction to act upon party’s motion for default of settlement agreement).
Lee County’s intervention prior to the dismissal of this action does not change this result. Although Florida Rule of Civil Procedure 1.230 permits a non-party to intervene in a timely manner, intervention “shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.” Nothing in the rule or in the orders entered by the circuit court in this case gave Lee County the right to override the voluntary dismissal between the parties when they settled the claim. Lee County was on notice of the dismissal and took no action to file an independent claim within the initial action prior to its dismissal with prejudice.
Similarly, in Hoechst Celanese Corp. v. Fry, 693 So.2d 1003 (Fla. 3d DCA 1997), the plaintiffs filed a class action against the manufacturers of raw materials used in plumbing systems. After a similar action filed by mobile home owners was stayed in Marion County, the owners’ motion to intervene was granted. The class then settled with the manufacturers, and the case was dismissed.[2] After the dismissal, the *95 intervenors filed an amended complaint and a motion to certify a class. The Third District concluded that the circuit court did not have jurisdiction to entertain the class certification motion made pursuant to an amended complaint “because the owners initially appear in the action below solely as intervenors pursuant to Rule 1.230” which “specifically provides that ‘the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion;’ ” Fry, 693 So.2d at 1008; see also Colucci v. Greenfield, 547 So.2d 224 (Fla. 3d DCA 1989).
Our decision, however, may have little practical impact. Instead of dismissal, the proper remedy was to direct the clerk of the court to docket the complaint filed by Lee County in November 2003 as a new action. That new action could proceed upon payment of the applicable filing fee and service of process upon the District. Cf. Payette v. Clark, 559 So.2d 630, 632-33 (Fla. 2d DCA 1990) (reversing dismissal of two civil claims filed in .closed probate proceeding and directing trial court to sever and transfer them to the appropriate division of the court). The order of dismissal entered in the earlier case would have no effect on the new action.
We therefore grant the petition and issue the writ.
ALTENBERND, C.J., and NORTHCUTT and WALLACE, JJ„ Concur.

. See MCR Funding v. CMG Funding Corp., 771 So.2d 32 (Fla. 4th DCA 2000) (conflicting with 84 Lumber on the issue of when a parly may challenge the court's power to decide the issue of jurisdiction).

. The order on appeal in Hoechst was a nonfi-nal order granting class certification in the cause below. The Third District did not reach the asserted challenges to that order based upon its independent determination *95 from the record that the circuit court lacked jurisdiction to enter that order originally.