NORTHCUTT, Judge.
In 1999, Richard Muller sued several entities for damages stemming from a bicycle accident. In May 2003, he filed an amended complaint adding APAC, Inc., APAC-Florida, Inc., Gator Asphalt Paving, Inc., and others not involved in this appeal, as defendants. The APAC corporations and Gator Asphalt were never served with process, and in September 2003, they moved to dismiss pursuant to Florida Rule of Civil Procedure 1.070®.[1] The circuit court granted their motion. Then Muller filed a motion for reconsideration and a motion for extension of time for service. The court granted his motion for reconsideration, vacated its previous order, and required the APAC entities and Gator Asphalt to file responsive pleadings within twenty days. The corporations appeal that order.
Insofar as the order under review vacates the prior dismissal of the suit, it simply is an order denying the defendant corporations’ motion to dismiss. Such an order is not appealable. See Thomas v. *896 Silvers, 748 So.2d 263, 265 (Fla.1999). We therefore dismiss that portion of the appeal.
We do have jurisdiction to review the portion of the order that requires the APAC entities and Gator Asphalt to file responsive pleadings, because it inherently determined that they had submitted themselves to the court’s jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)®; Pilawski v. Habel, 718 So.2d 398, 399 (Fla. 4th DCA 1998). However, parties do not submit themselves to a circuit court’s jurisdiction merely by filing a rule 1.070(j) motion to dismiss. Pilawski, 718 So.2d at 399. Accordingly, we reverse that portion of order.
As for Muller’s request for additional time to serve the APAC corporations and Gator Asphalt: the circuit court has discretion to grant additional time for serving defendants if the plaintiff shows good cause or excusable neglect for its failure to serve within the 120-day period. Fla. R. Civ. P. 1.070(j); Chaffin v. Jacobson, 793 So.2d 102, 104 (Fla. 2d DCA 2001). While we reverse the portion of the order requiring the defendant corporations to file pleadings, on remand the court may determine whether Muller should receive additional time in which to attempt service upon them.
Dismissed in part, reversed in part, and remanded.
CANADY and VILLANTI, JJ., Concur.

. The relevant part of rule 1.0700 states:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.