974 So.2d 1094 (2007)
Harold HARR, Petitioner,
v.
Esther Mariela Lara HARR, Respondent.
No. 2D07-3169.
District Court of Appeal of Florida, Second District.
October 26, 2007.
David J. Kurland, Esq., Largo, for Petitioner.
Allison M. Perry, P.A., Tampa for Respondent.
VILLANTI, Judge.
The Petitioner, Harold Harr, seeks a writ of prohibition to prohibit the circuit court from proceeding on a counterpetition for dissolution of marriage filed by the Respondent, Esther Mariela Lara Harr. Mr. Harr claims that because he served a notice of voluntary dismissal of his petition for dissolution of marriage under Florida Rule of Civil Procedure 1.420(a)(1) before Mrs. Harr served her counterpetition, the circuit court acted without authority by taking any further action in the proceeding. Mr. Harr also asks this court to vacate any orders entered by the circuit court after the service of his notice of voluntary dismissal.
At a brief hearing on two unrelated motions filed by Mrs. Harr, the parties raised multiple legal and factual issues concerning whether Mr. Harr's notice of voluntary dismissal effectively terminated the dissolution of marriage proceeding. The circuit court invited the parties to schedule a hearing with sufficient time to determine these issues. Instead of scheduling the hearing, Mr. Harr filed the petition that is before us. Mr. Harr's claim that the circuit court is acting in excess of its jurisdiction cannot be resolved until the disputed issues of fact on which it depends are decided by the circuit court. Accordingly, we must deny the writ of prohibition. See Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992) ("[P]rohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction.").
Petition denied.
KELLY and WALLACE, JJ., Concur.