CASANUEVA, Chief Judge.
Christopher B. Phillips, the defendant in a foreclosure lawsuit filed by Citibank, N.A., petitions for a writ of prohibition to prevent a judge of the Sixth Judicial Circuit from conducting further proceedings. Mr. Phillips maintains that the trial court is acting in excess of its jurisdiction because the lawsuit against him has been dismissed pursuant to a “master order of dismissal” prepared by the circuit court clerk and issued by the trial court on August 27, 2009, for failure of the plaintiff bank to effect service of process on some of Mr. Phillips’ codefendants. We issued an order to show cause, which stayed the circuit court proceedings. The Chief Judge of the Sixth Judicial Circuit thereupon filed a response in accordance with Florida Rule of Appellate Procedure 9.100(e). The rule provides that the judge or the lower tribunal is a formal party to the proceeding and may exercise discretion to file a separate response if desired. Upon examination of the parties’ filings and appendices, we hold that the master order of dismissal not only did not but could not dismiss Mr. Phillips from the lawsuit and accordingly deny the petition.
Citibank filed the foreclosure lawsuit against Christopher Phillips, Diane Phil *22 lips, Jane Doe, John Doe, and any and all unknown parties. Christopher Phillips and Diane Phillips were served with process in a timely manner, and an attorney filed an answer on their behalf. However, the case languished because Citibank failed to serve Jane Doe, John Doe, and the unknown parties. This prompted the circuit court clerk to enter standard notices of intent to dismiss each of the un-served parties — but not Christopher Phillips or Diane Phillips — on August 17, 2009. The notices cited Florida Rule of Civil Procedure 1.070(i)[1] and ordered the plaintiff to show cause by August 12, 2009, why service was not obtained. The plaintiff failed to respond to the order to show cause, and the judge presiding over the lawsuit entered a “master order dismissal calendar no. 070609-020,” which dismissed cases “as indicated on the attached listing” without prejudice pursuant to rule 1.070[j]. The “attached listing” consisted of the names of numerous defendants in many cases and included John Doe, Jane Doe, and any and all unknown parties in case number 09-003595-CI-020. The attached listing did not include Christopher Phillips or Diane Phillips, nor did the dismissal. The master order of dismissal was filed with the clerk and subsequently recorded.
Some weeks later, Citibank filed a motion for summary judgment. Christopher and Diane Phillips responded in turn by filing a “motion to effectuate dismissal.” After the Phillipses’ motion was denied, Christopher Phillips filed this petition for writ of prohibition,[2] asserting that the circuit court has acted in excess of jurisdiction by continuing to exert jurisdiction over a case that had been dismissed.
It is true that a judge has no jurisdiction to proceed over a case that has been dismissed with finality. See 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994). And the appropriate means to challenge the trial court’s apparent usurpation of judicial power is a petition for writ of prohibition. See Harr v. Harr, 974 So.2d 1094 (Fla. 2d DCA 2007); E. Cnty. Water Control Dist. v. Lee Cnty., 884 So.2d 93 (Fla. 2d DCA 2004). However, we agree with the analysis of the respondent Chief Judge of the Sixth Judicial Circuit and determine as a matter of law that the lawsuit was never dismissed with prejudice as to Christopher Phillips and Diane Phillips.
The notice of intent to dismiss clearly referred only to parties who had not been served with process. Indeed, parties can be dismissed by operation of rule 1.070 only if they have not been served with process. The plain language of rule 1.070(j) supports this determination:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party....
(Emphasis supplied.) Clearly, the circuit court lacked authority under this rule to dismiss the action as to any defendant who had been properly and timely served. As a corollary, the language of rule 1.070(j) requiring dismissal of the entire action can *23 refer only to cases in which service has not been effected on any defendant. As observed in Meadows of Citrus County, Inc. v. Jones, 704 So.2d 202, 203 (Fla. 5th DCA 1998), “where properly raised, the defense of failure to timely serve a defendant under Rule 1.070© warrants dismissal of the cause as to that defendant but not as to co-defendants who have been timely served.” To reinforce its reasoning, the court in Meadows examined the language of the federal rule upon which the Florida rule is modeled. Id. at 203-04. The current version of Federal Rule of Civil Procedure 4(m) provides as follows: “If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant....” (Emphasis supplied.) The federal rule is noticeably and fittingly silent on the potential for dismissal of the action in its entirety.
We can only presume that the circuit judge, charged with following the rules of procedure, was aware of the clear prohibition against dismissal of a party who has been served; consequently, we can only conclude that the circuit court never intended to dismiss Mr. Phillips from this lawsuit. Nevertheless, Mr. Phillips argues that the master order of dismissal effectively did so by operation of its language. The order recites that the plaintiff had been “noticed that the cause of action would be dismissed on August 17, 2009,” and that the “cases, as indicated on the attached listing, are hereby dismissed without prejudice.” Unfortunately, both the notice and the dismissal order imprecisely refer to dismissal of causes of action and cases, but it is obvious that the dismissal is actually limited to the parties “indicated on the attached listing.” Nowhere on that listing does the name Christopher Phillips appear. Therefore, not only was there no intent to dismiss the cause of action as to Christopher Phillips, the form order that dismissed the other, unserved defendants from the case did not do so. The circuit court thus retains jurisdiction over Citibank’s action against Christopher Phillips and Diane Phillips.
We deny the petition for writ of prohibition and lift the stay of the circuit court proceedings. Our denial, however, is with the caveat that the respondent chief judge would be well advised to revise the notice of intent to dismiss as well as the master order of dismissal to reflect more clearly the limitations on the court’s power under rule 1.070© to dismiss any parties other than those who have not been served in accordance with the rule.
Petition denied.
SILBERMAN and KELLY, JJ., Concur.

. Although both the notice of intent to dismiss and the master order of dismissal recite that they are entered pursuant to rule 1.070(i), this is an obvious clerical error. The appropriate ruléis 1.070(j).

. Although Christopher Phillips and Diane Phillips were similarly situated below, this petition was filed only in the name of Christopher B. Phillips.