PER CURIAM.
Jimil Sheikh and Zulle-Huma Mughal-Sheikh were married in Pakistan and have two children from the marriage. During the course of the marriage, it appears they resided in Pakistan, the United Kingdom, New York, and, most recently, Florida. Florida’s jurisdiction is not in dispute. Mr. Sheikh has filed four separate appeals challenging a wide array of rulings by the trial court.
In case number 5D11-3898, the lower court entered an order following a hearing in which it determined that the parties were to have shared parental responsibility and Mrs. Mughal-Sheikh was to have primary residential responsibility of the minor children. The order also determined there was a need for, and Mr. Sheikh had the ability to pay, $600 in child support per month. Further, the order permanently enjoined Mr. Sheikh from removing the children from the state. The trial court reserved jurisdiction to determine alimony, court costs, and attorney’s fees.
As the underlying, non-final order determines the right to immediate monetary relief and child custody in a family law matter, it is reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). See also Hickey v. Burlinson, 33 So.3d 827, 829 (Fla. 5th DCA 2010). To the extent the order granted an injunction, it is also reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). However, no transcript was provided nor *211 was a statement of the evidence or proceedings prepared pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Without an adequate record, we are limited to a review of the order entered by the lower court. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Finding no error apparent on the face of the order, we affirm.
In case numbers 5D11-4325, 5D1H561, and 5D12-853, Mr. Sheikh appeals the denial of miscellaneous motions.[1] These motions range from discovery issues to visitation with the children over past Christmas breaks. Most of the motions are repetitive and seek civil contempt/enforcement or suspension of enforcement of the order in case number 5D11-3898.
Florida Rule of Appellate Procedure 9.130 sets forth those non-final orders subject to review. As there are no matters decided by these orders covered by rule 9.130 or otherwise indicating certiorari relief is available, these three cases represent non-final, non-appealable orders. Thus, we lack jurisdiction to address those issues. See generally Thomas v. Silvers, 701 So.2d 389, 390 (Fla. 3d DCA 1997) (dismissing non-final, non-appealable order for lack of jurisdiction).
Accordingly, we affirm case number 5D11-3898, and dismiss case numbers 5D11-4325, 5D11-4561 and 5D12-853.
SAWAYA, TORPY and COHEN, JJ., concur.

. Mr. Sheikh is a prolific filer of motions. At last count, he had filed eighty-two motions before the trial court.