GRIFFIN, J.
Appellant, Richard W. Taylor, P.A. [“Appellant”], appeals a trial court order dismissing its action against Christopher N. Bavaro, Frank J. Bavaro, Jr. [“Ap-pellees”], and an additional unserved defendant, Sunday A. Stefaniw. Appellant argues that the trial court erred by dismissing its action without allowing it an extension of time to effect service on Stefaniw and by dismissing its action based on the parties’ failure to submit a joint status report.
On December 30, 2011, Appellant filed a complaint against Appellees and Stefaniw. In Appellant’s complaint, it alleged that Appellees and Stefaniw failed to pay attorney’s fees for legal services it rendered on their behalf. In March 2012, Appellees filed an answer and counterclaim against Appellant for legal malpractice. On June 26, 2012, Appellant filed a motion for extension of time to effect service of process on defendant Stefaniw. On July 3, 2012, the trial court granted the motion and gave Appellant an additional sixty days to serve process on Stefaniw. On August 31, 2012, Appellant filed an affidavit of diligent search and inquiry, presumably in preparation for serving Stefaniw by notice. Then, on October 22, 2012, Appellant filed a motion to dismiss Appellees’ counterclaim, but never set the motion for hearing.
Over the next few months, the parties apparently initiated some discovery, but filed nothing with the trial court. As a result, on February 12, 2013, the trial court entered two orders, one requiring submission of a joint status report to be executed by all parties, and the other notifying the parties of the absence of timely service as to Stefaniw. Specifically, the order requiring submission of a joint status report advised the parties that their unexcused failure to submit a joint status report would subject the parties to “appropriate sanctions,” including, but not limited to, dismissal. Using language similar to Florida Rule of Civil Procedure 1.070(j), the notice of absence of timely service ordered:
that if, within thirty (30) days of the date of this order, there is no showing that service was effected within said 120 days [after the filing of the initial pleading], or, alternatively, good cause is not shown in writing as to why such service was not made within said 120 days, this action may be dismissed without prejudice, or any unserved defendant shall be dropped as a party, without further notice or hearing. Any such dismissal shall not be considered to be a voluntary dismissal or operate as an adjudication on the merits as to this action.
Subsequently, the parties filed several discovery-related documents with the trial court, but did not submit a joint status report. Appellant failed to respond to the trial court’s notice of absence of timely service and, thus, did not attempt to show good cause why service on Stefaniw was not timely effected.
On March 20, 2013, thirty-seven days after the trial court entered the two or *1151 ders, the trial court dismissed Appellant’s action. Specifically, the order stated:
THIS CAUSE came before the court pursuant to Rule 1.070(j), Florida Rules of Civil Procedure. The record of this action does not show service of initial process and initial pleading upon defendants) Sunday A. Stefaniw within 120 days after filing of the initial pleading, and the record does not reflect any order extending the time for service. Notice of the absence of timely service was previously given in the action February 12, 2013, and no good cause has been shown why service was not made within the required 120 days. The court also notes the failure to respond to the court’s order requiring submission of status report dated February 12, 2013. The Court must assume Plaintiff has no interest in pursuing this action. Whereupon, IT IS ADJUDGED that this action is dismissed.
Appellant filed a motion for reconsideration and, in support of its motion, explained to the trial court that it had attempted to serve process on Stefaniw twice and would be filing a motion to extend the time for service (which it subsequently did). With respect to Appellant’s failure to submit a joint status report, Appellant explained that “the Joint Status Report was miscalendared ... and therefore there [sic] Plaintiffs response was not timely tendered.” Appellant later amended its motion for reconsideration to assert that, although the notice of absence of timely service was received (and miscalen-dared), neither it nor Appellees’ counsel had, in fact, received the order requiring submission of a joint status report. Appel-lees also filed a motion for clarification of the dismissal order or, in the alternative, a motion for reconsideration. In their motion, Appellees asked the trial court to clarify whether their counterclaim against Appellant was also dismissed since the order simply states that the “action” is dismissed.
On April 12, 2013, the trial court held a hearing on the parties’ motions. Although Judge Robert K. Rouse, Jr., was the assigned trial judge (and the trial judge who had entered the dismissal order), the hearing was held before Judge Margaret W. Hudson. The record contains no transcript of the hearing, but the parties stipulated to a statement of the evidence, and the trial court approved the statement. The statement of the evidence reflects that the trial court inquired and was told by Appellant’s counsel that the statute of limitations was not an issue. The statement of evidence also reflects that counsel for both Appellant and Appellees represented to Judge Hudson that they did not receive the order requiring submission of a joint status report. In response, Judge Hudson said that she believed the order had been sent; that she personally had knowledge that the judicial assistant for Judge Rouse routinely mails out the judicial mail efficiently; and that the order was not returned in the mail. She also observed that the parties have access to the court’s file by way of the internet and could have found the order there. Even if the order had not been sent, it was the duty of counsel to have reviewed the docket on the internet to find the order.
Judge Rouse entered the written order denying the motions for reconsideration and clarification. The written order recites that the notice of absence of timely service and the order requiring a joint status report were mailed together to counsel in the same envelope, but that fact is not supported by any evidence in the record, except to the extent that they appear on the docket on the same date. The order also recites that both counsel for Appellant and counsel for Appellees agree that they received the notice of absence of *1152 timely service, but the record shows that was only acknowledged by Appellant. The order also reiterates that the clerk of court’s docket is available to view online by all parties and their counsel. Finally, the order notes that the statute of limitations in Appellant’s action had not expired.
There are several problems with the dismissal of this action. First, the action against Appellees cannot be dismissed simply because Stefaniw has not been served. See Meadows of Citrus Cnty., Inc. v. Jones, 704 So.2d 202 (Fla. 5th DCA 1998). Appellees suggest in their filings that it was appropriate to dismiss the suit against Appellees because Stefan-iw is an indispensable party to Appellant’s lawsuit, but that issue has never been addressed below or on appeal, and is not self-evident.
Then there is the issue of the failure to timely file the joint status report. It is true that the notation on the orders that copies were sent to both counsel is some evidence that they were sent, and the fact that they were not returned as “undelivered” is some evidence they were received. No mention is made, however, of the fact that, if the joint status order had been received by both counsel, two experienced and reputable attorneys would have had to connive to perpetrate a fraud on the court. The trial court’s opinion that its judicial assistant is efficient does not take us very far, and the trial court’s suggestion that counsel have a continuing duty to monitor the court’s docket as an alternative to service, lest something appear that they were not sent, is wrong. See Courtney v. Catalina, Ltd,., 130 So.3d 739, 740 (Fla. 3d DCA 2014). Additionally, we have the problem that the order does not say that the case was dismissed without prejudice and can be refiled, even though that appears to have been the court’s intent, and there is no explanation of the status of the counterclaim, which appears also to have been dismissed. Given this constellation of problems, we conclude that it was error to issue the appealed order dismissing the action. We, accordingly, reverse and remand. On remand, if the trial court continues to be of the view that dismissal of the action is a suitable remedy for the parties’ failure to comply with the trial court’s joint status report order, that option is not foreclosed to the trial court if the appropriate evidentiary hearing is conducted and appropriate findings are made. See Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).
REVERSED and REMANDED.
ORFINGER and BERGER, JJ., concur.